[No. 20198.   Department One. — September 30, 1886.]

THE PEOPLE, RESPONDENT, *v.* JAMES G. CAROLAN, APPELLANT.

CRIMINAL LAW — PRESENTING FRAUDULENT CLAIM TO SUPERVISORS — INDICTMENT — CLAIM OF SEVERAL ITEMS. — An indictment for presenting to a board of supervisors for allowance a false and fraudulent claim, the offense being alleged substantially in the language of section 72 of the Penal Code, is sufficient, notwithstanding the claim as presented contained several items alleged to be false and fraudulent, and certain items as to which no such allegation was made.

ID. — WARRANT UPON WHICH CLAIM IS BASED — REGULARITY OF ISSUE. — In such a case, it is immaterial whether or not the warrant was regularly issued upon which the claim was based.

EVIDENCE — IMPEACHMENT OF WITNESS — CONVICTION OF MISDEMEANOR. — A witness cannot be asked on cross-examination, for the purpose of affecting his credibility, whether he had been arrested and convicted of a misdemeanor, and had been incarcerated in the county jail. Under section 2051 of the Code of Civil Procedure, evidence of such a character is limited to convictions for felonies.

ID. — RECORD OF CONVICTION — OFFENSE MUST INVOLVE MORAL TURPITUDE OR INFAMY. — The record of a conviction of a misdemeanor is not admissible for the purpose of discrediting a witness, unless it is shown that the offense involved moral turpitude or infamy.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Eli R. Chase, G. W. Bowie,* and *J. O'B. Wyatt,* for Appellant.

*Attorney-General Marshall,* for Respondent.

The Court.— The defendant was indicted, under section 72 of the Penal Code, for presenting to the board of supervisors for allowance a false and fraudulent claim, and was convicted.

There is no merit in the points made by the defendant that the claim as presented contained several items, or that the claim contained items not alleged to be false or fraudulent.

One Lowrey was examined as a witness for the prosecution. On cross-examination, for the purpose of effecting his credibility, the defendant's counsel asked him whether he had been arrested and convicted of a misdemeanor, and whether he had been incarcerated in the county jail. The court sustained objections to these questions. We see no error. Section 2051, Code of Civil Procedure, limits evidence of this character to conviction of a felony.

For the same purpose, a record of the conviction of the witness Lowrey of a misdemeanor was offered, and the court rejected the evidence. If, in any case, a record of conviction of a misdemeanor is admissible for the purpose of discrediting, it should be made to appear that the offense involved moral turpitude or infamy, which was not done in this case.

The indictment was sufficient, charging the offense, as it did, in the language of section 72, Penal Code.

It was immaterial whether or not the warrant was regularly issued upon which the claim made by the defendant for traveling services was based. We see no error in the record.

Judgment and order affirmed.