[No. S021961. Dec. 17, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JENNIFER WHEELER, Defendant and Appellant.

COUNSEL

Quin Denvir, under appointment by the Supreme Court, and Judith Rochlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kenneth I. Clayman, Public Defender (Ventura) and Neil B. Quinn, Deputy Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, Edward T. Fogel, Jr., Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Richard B. Cullather, Donald E. de Nicola and Joan Comparet, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAXTER, J.**—After a jury trial, defendant was convicted of sale of cocaine. (Health & Saf. Code, § 11352.) The Court of Appeal affirmed. We granted

review to decide how Proposition 8's "Truth-in-Evidence" amendment to the Constitution (Cal. Const., art. I, § 28, subd. (d) (hereafter section 28(d)) affects the statutory rule (Evid. Code, §§ 787, 788) that felony convictions are the only form of conduct evidence admissible to impeach the credibility of a witness.

We conclude that although section 28(d) abrogates the felony-convictions-only rule in criminal cases and gives criminal courts broad discretion to admit or exclude acts of dishonesty or moral turpitude "relevant" to impeachment, the *fact of conviction of a misdemeanor* remains inadmissible under traditional *hearsay* rules when offered to prove that the witness committed misconduct bearing on his or her truthfulness.

In this case, however, defendant failed to protest on hearsay grounds when the prosecution sought to impeach a defense witness with her admission that she had suffered a misdemeanor conviction for grand theft. Defendant therefore waived her hearsay objection, and the trial court's decision to admit the theft conviction for impeachment was otherwise within its discretion. We therefore affirm the judgment of the Court of Appeal.

## FACTS

On the morning of November 15, 1989, Los Angeles Police Officer Anthony Lopez was working undercover in a San Fernando Valley neighborhood notorious for drug activity. Around 7 a.m., Lopez stopped his car near defendant Jennifer Wheeler, who was standing in front of an apartment building at 9000 Orion Street. According to Lopez, defendant approached and asked what he wanted. Lopez replied "a 20," meaning $20 worth of rock cocaine. Defendant summoned Pauline Burton, repeated Lopez's order, and continued to talk with Lopez while Burton entered the building. Burton then returned and handed Lopez a piece of rock cocaine. Lopez paid Burton with a premarked $20 bill and signalled backup officers. Both women were arrested.

Burton testified for the defense. She admitted selling the cocaine and acknowledged that defendant was present, but she denied any participation by defendant in the sale. Burton said she noticed defendant talking to Lopez, walked over to ask Lopez what he wanted, and received the order for "a 20" directly from Lopez. Burton denied later telling a probation officer that defendant had conveyed Lopez's order.

Burton admitted a felony conviction for this sale, as well as another felony drug sale conviction earlier in 1989. In a bench conference, the prosecution

also proposed to impeach Burton with a 1987 misdemeanor conviction for grand theft.[1] The prosecutor cited *People* v. *Harris* (1989) 47 Cal.3d 1047 [255 Cal.Rptr. 352, 767 P.2d 619], apparently for the general principle that Proposition 8 abrogates the rule limiting impeachment evidence to prior felony convictions. Defense counsel objected, asserting that *Harris* was "limited to its facts." Counsel also argued that the grand theft conviction was cumulative to the drug sale convictions already revealed, and that it was more prejudicial than probative. The court overruled the objection and Burton admitted the conviction.

Defendant testified in her own behalf. She stated she was moving out of 9000 Orion and had arrived on the morning of November 15 to pick up her things. Having found the front gate locked, she was waiting outside for a tenant to leave when Lopez stopped and made eye contact. She believed he had mistaken her for a prostitute and approached to ask what he wanted. After exchanging brief pleasantries with Lopez, she began to walk northward on Orion. As she did so, she noticed Burton approach Lopez's car but paid no further attention.

In rebuttal, the People called Probation Officer Kittrell. Kittrell testified that during a postarrest interview, Burton told her defendant had "informed [Burton] that a guy wanted to buy cocaine."

Defendant appealed her conviction for sale of cocaine. As in the trial court, defendant argued that Burton's grand theft conviction was inadmissible to impeach her. Defendant urged that Proposition 8 had not abrogated the statutory prohibition on use of misdemeanor convictions for impeachment. In any event, defendant claimed, the trial court erred by failing to recognize a limitation to convictions involving "moral turpitude," and by failing to weigh probative value against prejudicial effect.

The Court of Appeal affirmed. It reasoned as follows: Statutes which limit impeaching "conduct" evidence to felony convictions were repealed pro tanto by Proposition 8's command that all relevant evidence be admitted in criminal trials. Misdemeanor convictions are relevant for impeachment to the same extent as felony convictions and may therefore be admitted for that purpose if they reflect "moral turpitude" or a "readiness to do evil." Grand theft reflects dishonesty and is a crime involving moral turpitude. Moreover, the trial court considered the value of the proffered conviction and properly concluded that its probative force outweighed its potential for unfair prejudice.

[1]Grand theft (Pen. Code, § 487) is punishable, in the court's discretion, by either a jail or prison sentence. (See now *id.*, § 489, subd. (b).) If a prison sentence is not imposed, the conviction is deemed a misdemeanor for all purposes. (*Id.*, § 17, subd. (b)(1).)

As we will explain, the Court of Appeal's analysis is correct as far as it goes. However, defendant now raises an argument not made below—that a *misdemeanor conviction* cannot be admitted for impeachment over a *hearsay* objection, which Proposition 8 expressly preserves. We find this contention persuasive, but defendant waived its application to her own case by failing to assert a hearsay objection at trial. The judgment of the Court of Appeal must therefore be affirmed.

DISCUSSION

1. *Proposition 8.*

The common law has long imposed limits on the admission of evidence to discredit a witness. A witness's past misdeeds may logically suggest an untrustworthy character, but jurisdictions have restricted such evidence, even if relevant to honesty, on policy grounds. The concern has been that without such limitations, trials would flounder on collateral issues, witnesses would be deterred by unfair surprise or fear of public humiliation, and testifying criminal defendants would incur the danger of conviction for past, not present, misconduct. (See, e.g., 1 McCormick, Evidence (4th ed. 1992) §§ 40-41, pp. 137-142; 3A Wigmore, Evidence (Chadbourn ed. 1970) § 979, pp. 826-827; see also *People* v. *Castro* (1985) 38 Cal.3d 301, 316-317 [211 Cal.Rptr. 719, 696 P.2d 111].)

The Legislature codified this state's traditional resolution of the competing policy concerns. Evidence Code section 785 permits attacks upon the credibility of witnesses, but Evidence Code section 786 prohibits the use of evidence showing traits of a witness's character "other than honesty or veracity." Evidence Code section 787 states a general rule that "evidence of specific instances of . . . conduct relevant only as tending to prove a trait of [the witness's] . . . character" is inadmissible for impeachment. However, Evidence Code section 788 permits a witness to be impeached with evidence "that he [or she] has been convicted of a felony . . . ."[2]

Before 1982, it was clear that Evidence Code section 787, consistent with prior case law, precluded the use of misdemeanors for impeachment. (*People* v. *Lent* (1975) 15 Cal.3d 481, 484-485 [124 Cal.Rptr. 905, 541 P.2d 545].) It was also clear that the statutory rule permitting impeachment with felony

---

[2]Evidence Code section 787 provides: "Subject to Section 788, evidence of specific instances of his conduct relevant only as tending to prove a trait of his character is inadmissible to attack or support the credibility of a witness." Evidence Code section 788 provides in pertinent part: "For the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness or by the record of the judgment that he has been convicted of a felony . . . ."

convictions was subject to Evidence Code section 352, which allows trial courts to exclude otherwise admissible evidence whose "probative value is substantially outweighed" by its potential for unfair prejudice, confusion, or undue consumption of time. (E.g., *People* v. *Beagle* (1972) 6 Cal.3d 441, 451-453 [99 Cal.Rptr. 313, 492 P.2d 1].)

In June 1982, the voters adopted Proposition 8, an initiative measure designed to make significant substantive and procedural changes in California criminal law. Among Proposition 8's provisions was section 28(d), the so-called "Truth-in-Evidence" amendment to the Constitution. Section 28(d) declares that "relevant evidence shall not be excluded in any criminal proceeding" unless the Legislature provides otherwise by a two-thirds vote of each house. Section 28(d) makes clear, however, that "nothing in this section shall affect any existing statutory rule of evidence relating to . . . hearsay, or Evidence Code [section] 352, . . ."[3]

We and the Courts of Appeal have consistently held that in criminal proceedings, section 28(d) supersedes all California restrictions on the admission of relevant evidence except those preserved or permitted by the express words of section 28(d) itself. (*People* v. *Mickle* (1991) 54 Cal.3d 140, 168 [284 Cal.Rptr. 511, 814 P.2d 290]; *People* v. *Harris, supra,* 47 Cal.3d 1047, 1080-1082, 1090-1091; *People* v. *Taylor* (1986) 180 Cal.App.3d 622 [225 Cal.Rptr. 733]; see *In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744].) The appellate decisions reject arguments that section 28(d) was intended only to prevent courts from excluding evidence because its seizure violated the California Constitution (cf., *In re Lance W., supra,* at p. 890). Were that the sole purpose, the cases reason, there was no need to preserve some, but not all, existing *statutory* limitations on the admission of relevant evidence. Nor was it necessary to restrict the *Legislature*'s power to enact new exclusionary rules. Indeed, both the plain language of section 28(d) and the ballot materials for Proposition 8 indicate an intent to make all relevant evidence admissible, subject only to specified exceptions. (*Harris, supra,* 47 Cal.3d at p. 1082, & fn. 16; see also *In re Lance W., supra,* 37 Cal.3d at p. 888.)

*Harris* and *Mickle*, both *supra,* employed this reasoning to conclude that statutory prohibitions on impeachment with conduct evidence other than

---

[3]Section 28(d) provides: "Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and postconviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press."

felony convictions (see Evid. Code, §§ 787, 788) no longer apply in criminal cases. In *Harris,* we held that section 28(d) renders evidence of prior reliability as a police informant admissible to attack or support a witness's credibility. (47 Cal.3d at pp. 1080-1082.) In *Mickle,* we noted that a jailhouse informant's threats against witnesses in his own case implied dishonesty and moral laxity. Hence, we ruled, the threats were relevant and admissible to impeach him under section 28(d). (54 Cal.3d at p. 168.)

The reasoning of *Harris* and *Mickle* clearly governs the use of misdemeanor misconduct for impeachment. By its plain terms, section 28(d) *requires* the admission in criminal cases of *all* "relevant" proffered evidence unless exclusion is allowed or required by an "existing statutory rule of evidence relating to *privilege* or *hearsay,* or *Evidence Code, [s]ections 352, 782 or 1103,*" or by new laws passed by two-thirds of each house of the Legislature. (Italics added.) The limitations on impeachment evidence contained in Evidence Code sections 787 and 788 do not fall within any of section 28(d)'s stated exceptions to its general rule that relevant evidence is admissible. It follows that Evidence Code sections 787 and 788 no longer preclude the introduction of relevant misdemeanor misconduct for impeachment in criminal proceedings.[4]

 Defendant contends, however, that article I, section 28, subdivision (f) of the California Constitution (section 28(f))—another provision of Proposition 8—demonstrates the voters' intent to limit impeachment by conduct to prior felony convictions. Section 28(f), titled Use of Prior Convictions, provides in pertinent part that "[a]ny prior felony conviction . . . shall subsequently be used without limitation for purposes of impeachment . . . in any criminal proceeding. . . ."

Defendant reasons as follows: Section 28(d) deals broadly with relevant evidence, while section 28(f) alone addresses the narrow subject of the use of prior crimes for impeachment. The specific enactment, section 28(f), should prevail over its more general counterpart, section 28(d). Section 28(f) mentions only felony convictions in the impeachment context, and does not purport to repeal the long-standing prohibition on the use of other forms of conduct evidence for that purpose. Hence, felony convictions remain the only conduct evidence admissible for impeachment.

Indeed, defendant points out, both the ballot materials for section 28(f) (see Analysis by Legislative Analyst, Ballot Pamp., Proposed Amends. to

---

[4]Neither the impeachment statutes nor section 28(d) makes any distinction among categories of criminal witnesses. Under section 28(d), all persons who testify in a criminal case, including the accused, other defense witnesses, and those appearing for the People, are equally subject to the principle of impeachment with "relevant" evidence, including but not limited to relevant felony convictions.

Cal. Const. with arguments to voters, Primary Elec. (June 8, 1982) p. 54 [hereafter, Analysis]) and the section's official title employ the term "Prior Convictions" without use of the qualifying word "Felony." Use of the broader phrase, defendant argues, means the voters intended section 28(f) to be the "definitive word" on use of prior crimes and convictions for impeachment.

We disagree. ■ The principle that a specific statute prevails over a general one applies only when the two sections cannot be reconciled. (Code Civ. Proc., § 1859; *People* v. *Moroney* (1944) 24 Cal.2d 638, 642 [150 P.2d 888]; *People* v. *Whigam* (1984) 158 Cal.App.3d 1161, 1168 [205 Cal.Rptr. 227]; *International Assn. of Fire Fighters Union* v. *City of Pleasanton* (1976) 56 Cal.App.3d 959, 976 [129 Cal.Rptr. 68].) ■ Sections 28(d) and 28(f) are not irreconcilable on the subject of impeachment.

In criminal proceedings, section 28(d) states a plain and clear general rule that all relevant evidence is admissible in the trial court's sound discretion, except as limited by certain "existing" exclusionary rules such as privilege and hearsay. On the other hand, as we explained in *People* v. *Castro*, *supra*, 38 Cal.3d 301, section 28(f)'s reference to "[un]limit[ed]" impeachment with felony convictions has a special history and purpose.

As we have seen, felony convictions were the only conduct evidence admissible for impeachment before 1982 (Evid. Code, §§ 787, 788), and even they were subject to trial court discretion under Evidence Code section 352 (*People* v. *Beagle*, *supra*, 6 Cal.3d 441). However, in a line of cases beginning with *People* v. *Antick* (1975) 15 Cal.3d 79 [123 Cal.Rptr. 475, 539 P.2d 43], this court had narrowed the statutory discretion over admission of felony convictions for impeachment by imposing rigid restrictions on the circumstances in which such convictions could be deemed more probative than prejudicial. After extensive review of the ballot materials explaining section 28(f), we concluded in *Castro* that this section was intended simply to restore the full pre-*Antick* measure of trial court discretion over admission of felony convictions for impeachment. (*Castro*, *supra*, 38 Cal.3d at pp. 307-313.)

Thus, section 28(f) sought to address special nonstatutory restrictions which had been placed on the use of statutorily admissible felony convictions. Nothing in section 28(f), so construed, is inconsistent with section 28(d)'s command that *all* relevant evidence, necessarily including misdemeanor conduct relevant to impeachment, shall also be admissible subject to Evidence Code section 352 and other specific exclusionary rules.

Defendant's resort to the commonly used title for section 28(f) is also unpersuasive. ■ As we recently observed, "[t]itle or chapter headings

are unofficial and do not alter the explicit scope, meaning, or intent of a statute. [Citations.] ██ Similarly, ballot materials can help resolve ambiguities in an initiative measure [citation], but they cannot vary its plain import." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 602 [7 Cal.Rptr.2d 238, 828 P.2d 140].) ██ The actual language of section 28(f) speaks on the narrow subject of "prior *felony* conviction[s]" (italics added) and does not purport to address broader categories of impeachment evidence. As *Castro, supra,* indicated, the ballot materials pertinent to section 28(f), read as a whole, indicate the section was intended only to remove prior *judicial* limitations on the use of *felony convictions.*[5] In sum, we are persuaded that section 28(f)'s provision for admission of prior felony convictions "without limitation" for impeachment was not intended to foreclose other categories of relevant impeachment evidence under section 28(d).

██ Defendant invokes the maxim that the implied repeal of long-standing statutory doctrine is particularly disfavored. (See, e.g., *People* v. *Siko* (1988) 45 Cal.3d 820, 824 [248 Cal.Rptr. 110, 755 P.2d 294].) However, as we have seen, section 28(d) makes explicit the voters' intent to eliminate all restrictions on the admission of relevant criminal evidence except those limitations, specifically including privilege, hearsay, and Evidence Code section 352, which section 28(d) itself expressly preserves.

Justices Mosk and Arabian urge that elimination of the bright-line felony-conviction rule is unwise because it will deter both defense and prosecution witnesses and will encourage protracted litigation of collateral impeachment issues. However, we must accept the plain meaning of section 28(d) whatever we may think of its wisdom. By replacing prior exclusionary rules with the clear general principle that evidence is admissible if relevant, the voters have elevated accuracy and reliability in criminal proceedings over the rigid application of competing evidentiary policies.

In any event, the dissenters' fears appear exaggerated. As we discuss below, section 28(d) expressly leaves California trial courts free to exclude evidence which is irrelevant, or whose marginal relevance is outweighed by the unfair prejudice or other difficulties its introduction might cause. The voters have thus plainly stated the balanced principles by which the admission of evidence, including impeachment evidence, is to be decided in California criminal cases.

---

[5]The Legislative Analyst described section 28(f) as follows: "The measure would amend the State Constitution to require that information about prior *felony convictions* be used without limitation to discredit the testimony of a witness, including that of a defendant. *Under current law, such information may be used only under limited circumstances.*" (Analysis, *supra,* p. 54, italics added.)

We therefore conclude that if past criminal conduct amounting to a misdemeanor has some logical bearing upon the veracity of a witness in a criminal proceeding, that conduct is admissible, subject to trial court discretion, as "relevant" evidence under section 28(d).

## 2. *Standard of admissibility.*

California's standard of relevance is set forth in Evidence Code section 210. This statute defines "relevant evidence" as "evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action."

Not all past misconduct has a "tendency in reason to prove or disprove" a witness's honesty and veracity. However, as we explained in *Castro, supra,* "it is undeniable that a witness' moral depravity of any kind has 'some tendency in reason' [citation] to shake one's confidence in his honesty. . . . [¶] There is . . . some basis . . . for inferring that a person who has committed a crime which involves moral turpitude [even if dishonesty is not a necessary element] . . . is more likely to be dishonest than a witness about whom no such thing is known. Certainly the inference is not so irrational that it is beyond the power of the people to decree that in a proper case the jury must be permitted to draw it . . . ." (38 Cal.3d at p. 315, fn. omitted.)

The voters have expressly removed most statutory restrictions on the admission of relevant credibility evidence in criminal cases, including the rule that felony convictions are the only form of conduct evidence admissible for impeachment. Hence, they have decreed at the least that in proper cases, nonfelony conduct involving moral turpitude should be admissible to impeach a criminal witness.

■ As previously noted, section 28(d) does preserve the trial court's discretion to exclude evidence whose probative value is substantially outweighed by its potential for prejudice, confusion, or undue consumption of time. (Evid. Code, § 352.) Defendant contends that prior misconduct amounting only to a misdemeanor is inherently more prejudicial than probative on the issue of credibility. Therefore, she suggests, trial courts must always exclude such misconduct.

We disagree. Misconduct involving moral turpitude may suggest a willingness to lie (see *People v. Castro, supra,* 38 Cal.3d 301, 314-315; *People v. White* (1904) 142 Cal. 292, 294 [75 P. 828]; *People v. Carolan* (1886) 71

Cal. 195, 196 [12 P. 52]; *Gertz* v. *Fitchburg Railroad* (1884) 137 Mass. 77, 78), and this inference is not limited to conduct which resulted in a felony conviction. While the trial court may weigh proffered impeachment evidence on its individual merit, there is no basis for a ruling that the court's discretion may never be exercised to admit nonfelonious conduct.

Of course, the admissibility of any past misconduct for impeachment is limited at the outset by the relevance requirement of moral turpitude.[6] Beyond this, the latitude section 352 allows for exclusion of impeachment evidence in individual cases is broad. The statute empowers courts to prevent criminal trials from degenerating into nitpicking wars of attrition over collateral credibility issues. By expressly preserving this authority, section 28(d) makes clear the voters' determination to prevent such consequences.

When exercising its discretion under Evidence Code section 352, a court must always take into account, as applicable, those factors traditionally deemed pertinent in this area. (See *People* v. *Beagle, supra,* 6 Cal.3d at pp. 453-454; see also *People* v. *Castro, supra,* 38 Cal.3d at p. 309.) But additional considerations may apply when evidence other than felony convictions is offered for impeachment. In general, a misdemeanor—or any other conduct not amounting to a felony—is a less forceful indicator of immoral character or dishonesty than is a felony. Moreover, impeachment evidence other than felony convictions entails problems of proof, unfair surprise, and moral turpitude evaluation which felony convictions do not present. Hence, courts may and should consider with particular care whether

---

[6]The People urge that the moral turpitude standard of relevance set forth in *Castro, supra,* 38 Cal.3d 301, was misguided and that all misdemeanor conduct should be admissible as "relevant" impeachment evidence. We recognize that other jurisdictions have taken various approaches to the admission of misconduct for impeachment. (See, e.g., *Green* v. *Bock Laundry Machine Co.* (1989) 490 U.S. 504, 508, fn. 4 [104 L.Ed.2d 557, 563, 109 S.Ct. 1981]; 1 McCormick, Evidence, *supra,* § 41, pp. 137-142, § 42, pp. 144-145, fn. 9, and authorities therein cited.) Moreover, the United States Supreme Court recently cast doubt on *Castro's* assumption that federal due process standards of relevance limit impeachment to conduct demonstrating moral turpitude. In *Green, supra,* the high court held that the Federal Rules of Evidence, as then in effect, generally *required* admission for impeachment of *any* conviction for a crime whose punishment exceeds one year in prison. (490 U.S. at pp. 509-527 [104 L.Ed.2d at pp. 564-575], construing Fed. Rules Evid., former rule 609(a), 28 U.S.C.)

However, *Castro, supra,* also referred to California's statutory "tendency in reason" standard of relevance for impeachment. (See Evid. Code, § 210; see also § 780.) *Castro* implied that the moral turpitude distinction, despite its awkwardness, was the outer limit of logical pertinence to credibility. (38 Cal.3d 301, 315.) The People fail to persuade us that this conclusion should be reexamined.

the admission of such evidence might involve undue time, confusion, or prejudice which outweighs its probative value.[7]

The trial court in this case consciously exercised its discretion under Evidence Code section 352, and it did so soundly. The court concluded that defense witness Burton's relatively recent conviction for grand theft, an offense necessarily involving both moral turpitude and dishonesty, was highly relevant to Burton's credibility. Like the Court of Appeal, we readily agree.[8]

The trial court also ruled that Burton's acknowledgment of drug dealing did not render the theft offense cumulative on the issue of her credibility. Again, we concur. If anything, the theft was more directly pertinent to Burton's veracity than the evidence that she trafficked in drugs. Thus, the trial court could properly conclude that the jury should consider the theft on the issue of Burton's credibility.[9]

3. *Hearsay.*

For the first time in this court, defendant argues that even if Burton's theft *offense* was "relevant" for impeachment under Proposition 8, a *misdemeanor conviction itself* is inadmissible *hearsay* when offered as evidence that a witness committed misconduct bearing on credibility. We agree.

In general, a statement offered for its truth, and made other than by a witness testifying at the hearing, is inadmissible hearsay. (Evid. Code,

---

[7]Problems of proof, unfair surprise, and moral turpitude are minimized when felony convictions are the sole proffered basis for impeachment. A felony conviction reliably establishes that the witness committed corresponding criminal acts; a party or witness is unlikely to be surprised by use of felony convictions for impeachment; and the court must determine moral turpitude solely from the "least adjudicated elements" of the conviction. (See *Castro, supra*, 38 Cal.3d at pp. 314-317.) But section 28(d) makes immoral conduct admissible for impeachment whether or not it produced any conviction, felony or misdemeanor. Indeed, *misdemeanor convictions* are subject to a hearsay objection when offered to prove the witness committed the underlying crimes. (See, *post*, at pp. 297-300.) Thus, impeaching misconduct now may, and sometimes must, be proven by direct evidence of the acts committed. These acts might not even constitute criminal offenses. Under such circumstances, fairness, efficiency, and moral turpitude become more complicated issues. Courts may take these facts into account when deciding under Evidence Code section 352 whether to admit evidence other than felony convictions for impeachment.

[8]As a "wobbler," Burton's conviction would clearly have been admissible under pre-Proposition 8 law if she had been sentenced to state prison. (Pen. Code, §§ 17, subd. (b)(1), 487, 489, subd. (b); Evid. Code, § 788; see fn. 1, *ante*.)

[9]This was not a case in which the prosecution sought to impeach an *accused* witness with evidence of her prior crimes. Hence, there was no danger that the prior-crimes evidence would create unfair prejudice on the issue of guilt or innocence.

§ 1200.) ■ As the California Law Revision Commission (Commission) has explained, "[a]nalytically, a judgment that is offered to prove the matters determined by the judgment is hearsay evidence. [Citations.] It is in substance a statement of the court that determined the previous action [i.e., other than by a testifying witness] . . . that is offered 'to prove the truth of the matter stated.' [Citation.] Therefore, unless an exception to the hearsay rule is provided, a judgment would be inadmissible if offered in a subsequent action to prove the matters determined." (Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1966 ed.) § 1300, pp. 342-343.)

As part of the 1965 recodification of evidentiary rules (Stats. 1965, ch. 299, p. 1297 et seq.), the Legislature enacted certain exceptions to the hearsay rule for felony convictions. For example, it adopted Evidence Code section 1300, which permits a conviction for a "crime punishable as a felony" to be introduced in a subsequent *civil* action to "prove any fact essential to the judgment . . . ." In promoting this change from prior law, the Commission stressed that despite its hearsay character, "the evidence involved is peculiarly reliable." The "seriousness of the charge," said the Commission, encourages its full litigation, and the reasonable doubt standard of conviction ensures "that the question of guilt will be thoroughly considered." (Cal. Law Revision Com. com., 29B West's Ann. Evid. Code, *supra*, § 1300, p. 343.)

At the same time, the Legislature retained both the existing prohibition against use of prior conduct for impeachment (Evid. Code, § 787) and the exception for felony convictions (*id.*, § 788). In this context, the Senate Judiciary Committee explained that "[a] judgment of conviction that is offered to prove that the person adjudged guilty committed the crime is hearsay. See Evidence Code §§ 1200 and 1300 and the Comments thereto. But the hearsay objection to the evidence specified in Section 788 is overcome by the declaration in the section that such evidence 'may be shown' for the purpose of attacking a witness' credibility." (Sen. Judiciary Com. com., 29B West's Ann. Evid. Code, *supra*, § 788, p. 355.)

■ No similar statutory exception exists for the use of misdemeanor convictions. Hence, California decisions preceding Proposition 8 recognized that misdemeanor convictions are inadmissible hearsay when offered to prove the underlying criminal conduct. (E.g., *People* v. *James* (1969) 274 Cal.App.2d 608, 612 [79 Cal.Rptr. 182]; *Rousseau* v. *West Coast House Movers* (1967) 256 Cal.App.2d 878, 888 [64 Cal.Rptr. 655]; cf. *People* v. *Ferguson* (1982) 129 Cal.App.3d 1014, 1024 [181 Cal.Rptr. 593].)

Nothing in Proposition 8 changes the long-established understanding that a misdemeanor conviction comes within the statutory rule of inadmissible

hearsay (Evid. Code, § 1200) when offered for the truth of the charge. On the contrary, though section 28(d) states a general rule that relevant evidence is admissible in criminal proceedings, the section expressly preserves "any existing statutory rule of evidence relating to . . . hearsay . . . ." There can be no doubt that the hearsay objection to use of misdemeanor convictions remains valid.[10]

The People argue that a conviction offered for impeachment is not intended as evidence of misconduct; rather, they suggest, the *fact of conviction alone* is somehow relevant to credibility. Hence, the People reason, the hearsay rule does not make such evidence inadmissible for impeachment. They urge that the distinction between hearsay to impeach and hearsay for truth has been preserved in other instances. (E.g., Evid. Code, § 1202.)[11] They also point out that the elements necessary for conviction of a particular offense are not always directly related to bad overt acts committed by the witness.[12]

However, the pertinent legislative history indicates that Evidence Code section 788, which allows felony convictions for impeachment, is an exception to Evidence Code section 787, which generally prohibits the use of "specific instances of *conduct*" (italics added) to attack or support a witness's credibility. This history further shows the Legislature's understanding that a witness's prior convictions are relevant for impeachment, if at all, only insofar as they prove criminal *conduct* from which the factfinder could infer a character inconsistent with honesty and veracity. (See Cal. Law Revision Com. com., 29B West's Ann. Evid. Code, *supra*, § 787, p. 343; Sen. Judiciary Com. com., 29B West's Ann. Evid. Code, *supra*, § 788, p. 355.) Our reasoning in a line of cases extending from *People* v. *Beagle, supra,* 6 Cal.3d 441 to *People* v. *Castro, supra,* 38 Cal.3d 301, has proceeded from the same assumption. (See also 3A Wigmore, Evidence, *supra*, §§ 925-926, pp. 749-750; 1 McCormick, Evidence, *supra*, § 42, pp. 142-155.) The People's claim that convictions are relevant for impeachment apart from the conduct they evidence is patently unpersuasive.

The People urge us to create a judicial hearsay exception allowing impeachment with misdemeanor convictions. ▆▆ Evidence Code section

---

[10]*People* v. *Harris, supra,* 47 Cal.3d 1047, included dictum suggesting that Proposition 8 makes misdemeanor convictions admissible for impeachment in criminal cases. (P. 1090, fn. 22.) However, no hearsay argument was raised or considered in *Harris*. The views herein expressed must prevail over any inconsistent or contrary implications in *Harris*.

[11]Where hearsay has been admitted for its truth, Evidence Code section 1202 allows inconsistent statements by the hearsay declarant to be admitted for impeachment, but not for truth. (Compare Evid. Code, § 1235 [inconsistent hearsay statement of testifying witness may be admitted both for impeachment and for truth].)

[12]The People note, for example, that one may be convicted of criminal conspiracy without having committed all the overt acts of the underlying crime.

1200 prohibits admission of hearsay to prove the matters asserted "[e]xcept as provided by law" (subd. (b)), and exceptions can therefore be created by "decisional law." (Sen. Judiciary Com. com., 29B West's Ann. Evid. Code, *supra*, § 1200, p. 36; see *People* v. *Spriggs* (1964) 60 Cal.2d 868, 873-874 [36 Cal.Rptr. 841, 389 P.2d 377].) However, the Legislature itself carefully weighed the distinction between felony and misdemeanor convictions when it decided to create a hearsay exception for felony convictions only. (See discussion, *ante*.) ▉▉▉ ▄ ▄ We decline the People's invitation to usurp the Legislature's considered judgment.[13]

▉ Here, of course, evidence of witness Burton's misdemeanor conviction was admitted through her personal concession that she had suffered it. But even if Burton's testimony was competent to establish the fact of conviction, the conviction itself was inadmissible hearsay evidence of underlying criminal conduct relevant to impeachment. We therefore conclude that evidence of a misdemeanor *conviction*, whether documentary or testimonial, is inadmissible hearsay when offered to impeach a witness's credibility.[14]

▉ However, defendant waived any hearsay claim by making no trial objection on that specific ground. (E.g., *In re Marquez* (1992) 1 Cal.4th 584, 599 [3 Cal.Rptr.2d 727, 822 P.2d 435]; *People* v. *Anderson* (1974) 43 Cal.App.3d 94, 103 [117 Cal.Rptr. 507]; *People* v. *Bodkin* (1961) 196 Cal.App.2d 412, 420 [16 Cal.Rptr. 506]; 3 Witkin, Cal. Evidence (3d ed. 1986) Introduction of Evidence at Trial, §§ 2033-2034, pp. 1994-1996.) Accordingly, admission of Burton's misdemeanor conviction to impeach her credibility cannot serve as grounds for reversal of the judgment against defendant.[15]

---

[13]The People also suggest that misdemeanor convictions are admissible under the business or official records exceptions to the hearsay rule. (See Evid. Code, §§ 1271, 1280.) But an admissible record is competent only to prove the *act it records*. Thus, while the documentary evidence of a conviction may be admissible to prove that the conviction occurred, the business or official records exceptions do not make the abstract of judgment admissible to show that the witness committed the underlying criminal conduct.

[14]Our holding is a narrow one, confined to the specific issue whether under current law a misdemeanor *conviction* is admissible as direct evidence of criminal conduct. Nothing in the hearsay rule precludes proof of impeaching misdemeanor misconduct by other, more direct means, including a witness's admission on direct or cross-examination that he or she committed such conduct. Nor is the Legislature precluded from creating a hearsay exception that would allow use of misdemeanor convictions for impeachment in criminal cases. Because such legislation would not create or expand an exclusionary rule, but rather would eliminate a rule of exclusion, the two-thirds majority clause of section 28(d) would not apply.

[15]At oral argument, defendant's appointed appellate counsel suggested in passing that the "waived" hearsay objection remains cognizable in the context of ineffective assistance of trial counsel. Assuming for argument's sake that there could be no competent reason on this record

CONCLUSION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Panelli, J., Kennard, J., and George, J., concurred.

**MOSK, J.**—I dissent.

Unless compelled, I would not embrace the conclusion that the majority have reached. To be sure, their "rule" has equal application to both the People and the criminal defendant. But it also threatens equal mischief. By exposing witnesses to impeachment with all manner of misconduct and thereby deterring them from testifying, it may not infrequently prevent the People from meeting their burden of proof beyond a reasonable doubt and/or preclude the criminal defendant from mounting a defense. As I shall explain, there *is* no compulsion to embrace the majority's conclusion. Indeed, their "rule" must be rejected.

I

Defendant was charged in the Los Angeles Superior Court with the sale of cocaine in violation of Health and Safety Code section 11352. She pleaded not guilty. Trial was by jury. The People introduced evidence to show that defendant and one Pauline Burton were both involved in the sale. Defendant took the stand and denied participation. She also called Burton, who supported her testimony. On cross-examination, the People sought to introduce a misdemeanor conviction for grand theft that Burton had suffered for the purpose of impeaching her credibility as a witness. In pertinent part, they argued to the effect that Burton's misdemeanor conviction was "relevant evidence" under article I, section 28, subdivision (d) of the California Constitution (hereafter article I, section 28(d)). Defendant objected on grounds including irrelevancy. The court overruled the objection. It then allowed the impeachment. The jury returned a guilty verdict. The court entered judgment accordingly.

---

for trial counsel's omission (see *People* v. *Fosselman* (1983) 33 Cal.3d 572, 581-582 [189 Cal.Rptr. 855, 659 P.2d 1144]), reversal is still not warranted. Witness Burton's moral character was already compromised in the jury's eyes by her admission that she was a professional drug dealer. Moreover, Burton's claim that she knew of no participation by defendant in the drug sale to Officer Lopez was directly rebutted by Probation Officer Kittrell. Under these circumstances, despite the undoubted probative force of the theft conviction on the issue of Burton's credibility, counsel's failure to seek exclusion of the conviction on hearsay grounds does not undermine confidence in the trial outcome. (*Strickland* v. *Washington* (1984) 466 U.S. 668, 694 [80 L.Ed.2d 674, 697-698, 104 S.Ct. 2052]; see *Fosselman*, *supra*, at p. 584.)

Division Five of the Court of Appeal for the Second Appellate District affirmed. It concluded that the superior court did not err: Burton's misdemeanor conviction was indeed "relevant evidence" under article I, section 28(d).

## II

Article I, section 28(d)—entitled "Right to Truth-in-Evidence"—was added to the California Constitution when the voters at the June 8, 1982, Primary Election approved an initiative constitutional amendment and statute designated on the ballot as Proposition 8, the self-styled "Victims' Bill of Rights." It provides in pertinent part that "Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court."

A single question will prove dispositive in the case at bar. It is undisputed and indisputable that "relevant evidence" under article I, section 28(d) includes misconduct offered for impeachment *if such misconduct has been reduced to a felony conviction.* The issue here is whether "relevant evidence" includes misconduct not satisfying that condition. As will appear, the answer is negative.

When, as in this matter, we set out to construe an initiative constitutional amendment, we seek to determine the intent of the voters. (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934]; see *County of Fresno* v. *State of California* (1991) 53 Cal.3d 482, 488 [280 Cal.Rptr. 92, 808 P.2d 235].) To do so, we look to the words of the provision. (*Delaney* v. *Superior Court, supra,* at p. 798; *ITT World Communications, Inc.* v. *City and County of San Francisco* (1985) 37 Cal.3d 859, 866 [210 Cal.Rptr. 226, 693 P.2d 811].) In conducting our review, we presume that the voters intended legal terms to have their legal compass. (See *Oakland Paving Co.* v. *Hilton* (1886) 69 Cal. 479, 491 [11 P. 3] [holding that when "technical words or words of art . . . are employed [in a constitutional provision], we must assume that they are used in their technical meaning"]; cf. 2A Sutherland, Statutes and Statutory Construction (5th ed. 1992 rev.) Intrinsic Aids, § 47.30, p. 262 [stating that, as a general matter, "legal terms in a statute are presumed to have been used in their legal sense"].)

As stated, article I, section 28(d) declares as pertinent here that "relevant evidence shall not be excluded in any criminal proceeding . . . ."

"Relevant evidence," of course, is a legal term. Of that there can be no doubt. Its legal compass must be delimited.

From California's first days, "relevant evidence" has been deemed *not* to include misconduct offered for impeachment if it has not been reduced to a felony conviction.

In 1872, the Legislature enacted the Code of Civil Procedure. Derived from the common law as declared by this court in early cases, section 2051 of that code provided in pertinent part that "[a] witness may [not] be impeached . . . by evidence of particular wrongful acts, except that it may be shown . . . that he had been convicted of a felony."

The rule that misconduct is irrelevant for impeachment, absent a felony conviction, has a manifest basis. Such misconduct has insufficient, if any, bearing on credibility. In other words, it is either nonprobative in a strict sense or only marginally probative *and* unduly prejudicial as a matter of law. Indeed, in its Recommendation Proposing an Evidence Code, the California Law Revision Commission commented that only convictions of felonies that "necessarily indicate . . . dishonesty or lack of veracity" should be admissible for impeachment. (Recommendation Proposing an Evidence Code (Jan. 1965) 7 Cal. Law Revision Com. Rep. (1965) p. 142.) It explained: "Other convictions . . . have little or no tendency to prove . . . [untrustworthiness] and frequently . . . have an unduly prejudicial effect." (*Ibid.*)

In 1965, the Legislature enacted the Evidence Code. (Stats. 1965, ch. 299, § 2, pp. 1297-1356.) Section 787 of that code declares the general rule: "[E]vidence of specific instances of his conduct relevant only as tending to prove a trait of his character is inadmissible to attack or support the credibility of a witness." Section 788 of that same code states the exception: "For the purpose of attacking the credibility of a witness, it may be shown . . . that he has been convicted of a felony . . . ." In the same statutory measure, the Legislature repealed Code of Civil Procedure section 2051. (Stats. 1965, ch. 299, § 126, p. 1366.) It plainly intended its action to have no effect of consequence here. The California Law Revision Commission commented: "The provision of [Code of Civil Procedure] Section 2051 excluding evidence of particular wrongful acts is continued in Evidence Code Section 787." (Evidence Code With Official Comments (Aug. 1965) 7 Cal. Law Revision Com. Rep. (1965) p. 1319.)

It might perhaps be argued that misconduct, even without a felony conviction, is not irrelevant for impeachment. Such an argument, however, would lack persuasive force. "Relevant" is defined as "having any tendency

in reason to prove or disprove any disputed fact that is of consequence to the determination of the action," including the "credibility of a witness . . . ." (Evid. Code, § 210.) To be sure, misconduct, even without a felony conviction, may conceivably have some bare "tendency" to prove untrustworthiness. But what is required is a "tendency *in reason*"—i.e., a *reasonable* tendency. (E.g., *People* v. *Stein* (1979) 94 Cal.App.3d 235, 239-240 [156 Cal.Rptr. 299]; *People* v. *Simms* (1970) 10 Cal.App.3d 299, 311 [89 Cal.Rptr. 1].) That is lacking.

In any event, misconduct, absent a felony conviction, is not sufficiently relevant for impeachment. It is, at best, only marginally probative *and* unduly prejudicial as a matter of law.

If, as the California Law Revision Commission explained, even nonfelony *convictions* "have little or no tendency to prove . . . [untrustworthiness] and frequently have an unduly prejudicial effect" (Recommendation Proposing an Evidence Code, *supra*, 7 Cal. Law Revision Com. Rep., *supra*, p. 142), the same must be true, a fortiori, of simple misconduct. Thus, a witness's sexual peccadilloes as a youth are, at best, only marginally probative *and* unduly prejudicial as a matter of law. Hence, they cannot assist the trier of fact in assessing the credibility of the witness's testimony. But they can obviously keep the witness from testifying at all.[1]

In view of the foregoing, I conclude that "relevant evidence" under article I, section 28(d) does *not* include misconduct offered for impeachment if such misconduct has not been reduced to a felony conviction. We presume that the voters intended the legal term in question to have the legal compass described. Their intent controls. I would therefore disapprove *People* v. *Harris* (1989) 47 Cal.3d 1047, 1080-1082, 1090, footnote 22 [255 Cal.Rptr. 352, 767 P.2d 619] and *People* v. *Mickle* (1991) 54 Cal.3d 140, 168 [284 Cal.Rptr. 511 [814 P.2d 290], to the extent that they are to the contrary.[2]

In conducting their analysis, the majority generally proceed with great care. Regrettably, their first step—passing over the question of the scope of "relevant evidence" under article I, section 28(d)—is a misstep, and a fatal

---

[1] I recognize that Evidence Code section 787 provides that as a general matter, "evidence of specific instances of his conduct relevant only as tending to prove a trait of his character is inadmissible to attack or support the credibility of a witness." Its words neither state nor imply that misconduct, even without a felony conviction, is indeed relevant for impeachment.

[2] In arriving at my conclusion, I have not relied on extrinsic aids. We resort to materials of this sort only when the words of the constitutional provision at issue are ambiguous. (*ITT World Communications, Inc.* v. *City and County of San Francisco, supra*, 37 Cal.3d at p. 868.) That condition does not obtain here. All the same, I have reviewed the available extrinsic aids and have found nothing to undermine my views.

one at that. As a result, the bulk of their discussion proves unnecessary. Hence, the points considered therein need not be addressed.

### III

I turn to the case at bar. To my mind, the superior court erred by allowing the People to introduce Burton's misdemeanor conviction for purposes of impeachment. Only relevant evidence is admissible. (Evid. Code, § 350.) Under the foregoing analysis, a misdemeanor conviction is not such.

Because the Court of Appeal affirmed the superior court's judgment on the ground that there was no error, I would vacate its judgment and remand the cause with directions to consider whether the error was reversible.

**ARABIAN, J.**—I dissent. Contrary to the majority, I would hold that a witness may not be impeached by evidence of specific acts of misconduct other than a prior felony conviction. Under today's holding, a Pyrrhic victory for the prosecution, trial courts will inevitably become mired in extraneous, time-consuming matters, and potential witnesses throughout the state will suffer inestimable injury with little, if any, resulting benefit to the truth-finding process. The holding is lamentable for it is not mandated by the text of Proposition 8, as an analysis of the interplay between California Constitution, article I, § 28, subdivisions (d) and (f) (hereafter section 28(d), section 28(f)), demonstrates. In essence, by enacting Proposition 8, the electorate intended a return to the rule that a witness may be impeached by a felony conviction, not an unforeseen trip into the muddy fen of character assassination and witness bashing.

### I.

Citizens who witness a crime, or otherwise possess information relevant to a criminal case, are required, once subpenaed, to testify at trial. The cooperation of potential witnesses is essential to the proper functioning of our criminal justice system. Today's holding that any witness may be impeached by evidence of misconduct amounting, not to a felony, but only a misdemeanor (or perhaps not even a crime at all) will have a chilling effect on witnesses who may feel aversion at the spectre of impeachment attacks in open court on often trivial, but embarrassing, details.

These problems are particularly acute in the criminal law realm, an ironic result since only in that domain does the holding apply. As many witnesses to crime reside and operate within a criminal milieu, a relatively high percentage of potential attestants may have a criminal background. Thus,

precisely those whose cooperation is especially necessary to the production of evidence will be most adversely affected by the majority's holding.

The majority intimates that trial courts should exercise their Evidence Code section 352 discretion by excluding impeachment evidence for misconduct less than a felony. (E.g., maj. opn., *ante*, at p. 297, fn. 7.) If the courts heed this hint, the damage might be mitigated, but it will not, indeed cannot, be eliminated. The dire Damoclean threat will be ever present. Impeachment by minor transgressions may be avoided in front of juries, but nothing can prevent detailed, possibly lurid, litigation outside the presence of the jury, but in open court in view of the public and press. The majority opinion is an open invitation to all parties to unearth whatever tarnish is available to besmirch adverse witnesses and to exploit it in an offer of proof before the trial court and, in a high profile case, the media.

Without a judicial impact report, it is also unclear what discovery duties this ruling engenders. If, for example, the prosecution learns that a key witness cheated on his or her spouse, or stole paper clips from the office, must that information be provided the defense as possible impeaching evidence? (Cf. *Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356, 378 [285 Cal.Rptr. 231, 815 P.2d 304]; *People* v. *Morris* (1988) 46 Cal.3d 1, 29-30 [249 Cal.Rptr. 119, 756 P.2d 843].) If so, what will happen to the candor between attorney and witness?

Under Evidence Code sections 787 and 788, a bright line had always existed. Convictions of felony, but nothing less, were admissible for impeachment. Elimination of the boundary will enmesh courts in litigation over the admissibility of extraneous matters. *In limine* hearings should concern significant matters, not impeachment marked by shallowness. If trial courts follow the majority's path regarding Evidence Code section 352, little new evidence will actually be admitted at criminal trials, but the needless expenditure of burdened judicial resources and potential harassment of citizen witnesses will surely occur.

Further, the majority's hearsay analysis makes the result particularly troublesome. It concludes that a felony conviction may be admitted for impeachment as an exception to the hearsay rule, but not a misdemeanor conviction. Proof of a conviction, of course, would be significantly less time consuming and disruptive than putting on witnesses to prove misconduct. As the majority itself recognizes, "impeachment evidence other than felony convictions entails problems of proof, unfair surprise, and moral turpitude evaluation [and, I might add, undue harassment of witnesses] which felony convictions do not present." (Maj. opn., *ante*, at p. 296.) Today's holding not

only permits but requires such problematical proof of the underlying facts, but *only for less serious misconduct*. Thus, the less serious the misconduct, the more time-consuming and potentially embarrassing the necessary proof.

A conviction also "reliably establishes that the witness committed corresponding criminal acts." (Maj. opn., *ante*, at p. 297, fn. 7.) I suggest that a conviction is generally far more reliable evidence than witnesses testifying about minor misconduct, possibly years later. Thus, the majority also prohibits the more reliable evidence and requires instead the less reliable, but again only for less serious misconduct.

Possibly realizing the anomaly of this muddled result, the majority suggests the Legislature might correct the problem. (Maj. opn., *ante*, at p. 300, fn. 14.) It otherwise professes itself unable to "usurp the Legislature's considered judgment." (Maj. opn., *ante*, at p. 300.) However, the only "considered judgment" the Legislature made was to allow impeachment by a felony conviction and nothing less (Evid. Code, §§ 787, 788), a judgment that, as explained below, I believe the electorate ratified in passing Proposition 8.

## II.

The majority claims it "must accept the plain meaning of section 28(d) whatever we may think of its wisdom." (Maj. opn., *ante*, at p. 294.) I agree and wish some plain meaning could be found in this case. We must, however, read *every* portion of Proposition 8 with reference to the entire scheme of which it is a part, so that the whole may be harmonized and given effect. (*People* v. *Pieters* (1991) 52 Cal.3d 894, 899 [276 Cal.Rptr. 918, 802 P.2d 420].) Section 28(d) is not the only constitutional provision in Proposition 8. The drafters of that Proposition also included, and the voters who approved it considered, section 28(f), which provides in pertinent part: "Any prior *felony* conviction of any person . . . shall subsequently be used without limitation for purposes of impeachment . . . ." (Italics added.) This provision may not be ignored in construing the whole.

Section 28(f) speaks specifically to the question of impeachment by misconduct. It is most reasonably construed as a return to the settled law, before judicial restrictions on the use of felony convictions, which allowed impeachment by convictions for felonies, but nothing less. By expressly allowing impeachment with felony convictions, that section impliedly prohibits other impeachment, despite the general language of section 28(d).

Section 28(f) must have a meaning independent of section 28(d); it was not an exercise in redundancy. The majority divests the section of meaning.

Surely it was not the intent of the electorate to state only that felony, but not misdemeanor, convictions constitute an exception to the hearsay rule. If that had been the intent, it could have been, and surely would have been, stated less obliquely.

The caption for the text of section 28(f), as presented to the electorate in the ballot materials (and in the Constitution itself) reads: "*Use of Prior Convictions.*" (See *Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 300 [186 Cal.Rptr. 30, 651 P.2d 274], italics and underlining in original.) This caption, although certainly not conclusive, may be considered in aid of interpreting a provision in the absence of an express prohibition of such use. (*Progress Glass Co.* v. *American Ins. Co.* (1980) 100 Cal.App.3d 720, 726 [161 Cal.Rptr. 243].) The caption significantly refers to use of prior convictions, not prior *felony* convictions. Thus, the electorate would reasonably believe that the provision they were approving would cover the entire field of impeachment with convictions.

The majority argues that sections 28(d) and (f) may be reconciled. I agree, but I would give meaning to *both* sections, not merely the more general section 28(d). We need not search far to discover a logical and mutually consistent meaning. As the majority notes, section 28(d) contains an exception for Evidence Code section 352; relevant evidence may still be excluded if its probative value is outweighed by the danger of undue consumption of time or prejudice. Section 28(f) is a specific application of this exclusion—a determination that misconduct evidenced by something less than a felony conviction is either irrelevant for purposes of impeachment or, if marginally relevant, that its probative value is *inherently* outweighed by the danger of undue consumption of time, prejudice, confusion of issues or misleading the jury.

The majority recognizes that when a party seeks to prove impeaching misconduct by direct evidence of the acts committed, "fairness, efficiency, and moral turpitude become more complicated issues." (Maj. opn., *ante*, at p. 297, fn. 7.) What could be more inherently time-consuming, confusing and prejudicial than a parade of witnesses testifying to immoral misconduct which "might not even constitute criminal offenses" (*ibid.*) and which, again to borrow from the majority, "is a less forceful indicator of immoral character or dishonesty than is a felony"? (Maj. opn., *ante*, at p. 296.)

The majority would force trial courts to decide these "complicated issues" in every case. They would thus also force witnesses to endure litigation regarding the admissibility of whatever embarrassing facts the opposing party might uncover. I believe, however, that the electorate, in enacting

section 28(f) as well as section 28(d), intended, quite wisely, that only one specific type of impeachment by acts of misconduct be allowed—evidence of a felony conviction. Anything less is excludable as a matter of law, not merely on a case-by-case basis subject to the varying vagaries of trial judges.

### III.

In sum, I would hold that the trial court erred in admitting over objection the misdemeanor conviction as impeachment evidence. Since this view has not prevailed, it is left to the Legislature to undo the damage and to restore what I believe was the intent of the electorate in enacting section 28(f). I therefore urge that co-equal branch of government to enact appropriate legislation reinstating the interrelationships of section 28(f) and Evidence Code sections 787 and 788.

Appellant's petition for a rehearing was denied February 11, 1993. Mosk, J., and Arabian, J., were of the opinion that the petition should be granted.