Filed 4/6/16  P. v. Bradford CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063003 |
| v. | (Super.Ct.No. FVA1301037) |
| KENNETH FRANK BRADFORD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Colin J. Bilash, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene A. Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Kenneth Frank Bradford of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), namely, a motor vehicle.  The trial

1

court sentenced defendant to three years of formal probation, ordered him to serve 270 days in county jail, revoked his driver's license, and imposed various fees and fines.

At trial, defendant had proposed to impeach the testimony of the victim with evidence "consisting of percipient witness statements" that she had, on two occasions in October 2007, fraudulently obtained store credit from a retail store. These incidents resulted in a single misdemeanor conviction for the victim, which was expunged in October 2011. Defendant contends on appeal that the trial court erred by excluding this evidence pursuant to Evidence Code[1] section 352. We find no error, and affirm the judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

Defendant and victim were involved in a motor vehicle crash on January 22, 2013, while driving on the freeway through the City of Chino. Defendant was alone, driving a vehicle for his employer, a car rental company; the victim was driving her two children, six and three years old, home from school. The two vehicles collided, causing defendant's vehicle to swerve into the center divider and then flip over several times back across several lanes of traffic, while the victim's vehicle crashed into and then scraped along parallel to the center divider.

At trial, the prosecution presented evidence that the crash occurred as a result of road rage on the part of defendant, which culminated in an attempt to force victim's vehicle into hitting the center divider. This evidence included the testimony of the victim

---

[1] Further undesignated statutory references are to the Evidence Code.

2

herself, a motorist who witnessed the accident, the California Highway Patrol (CHP) officer who first responded to the scene, and a second CHP officer who conducted an investigation, as well as recordings of two 911 calls by the victim, one immediately before, and one immediately following the accident.

The defense called an accident reconstruction expert and several character witnesses. Defendant also testified in his own behalf, asserting that he had thought the victim might have hit his vehicle during the course of an unsafe lane change, and that he followed her for several miles to try to get her to pull over. According to defendant, he was travelling in an adjacent lane, trying to get next to the victim's vehicle to communicate his intentions, when the victim suddenly slowed, and then appeared to be making a lane change, when he felt an impact.

Prior to trial, defendant brought a motion in limine to introduce impeachment evidence against the victim. This proffered evidence was "percipient witness statements" regarding two incidents in October 2007, in which the victim fraudulently obtained property from a retailer. The victim entered the store and took items from the shelves to the register, claiming to be making a return, and that she had lost her receipt. On one occasion, she received about $400 in store credit; on the other, about $700. Although the victim was charged with burglary, she eventually pleaded guilty to one misdemeanor count of disturbing the peace, in violation of Penal Code section 415. She paid restitution, and the conviction was expunged in September 2011. Applying Evidence Code section 352, the trial court denied defendant's motion.

3

Defendant's trial was conducted over several days in October and November 2014. The jury returned its verdict on November 3, 2014. The trial court imposed sentence on February 6, 2015.

## II. DISCUSSION

Defendant contends the trial court abused its discretion by excluding, pursuant to section 352, evidence of the conduct that gave rise to the victim's 2007 misdemeanor conviction. We find no abuse of discretion.

Section 352 permits the exclusion of relevant evidence where "its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (§ 352.) "Misdemeanor convictions themselves are not admissible for impeachment, although evidence of the underlying *conduct* may be admissible subject to the court's exercise of discretion [under section 352]." (*People v. Chatman* (2006) 38 Cal.4th 344, 373, citing *People v. Wheeler* (1992) 4 Cal.4th 284, 297-300 (*Wheeler*).) In exercising its discretion in circumstances where the witness subject to impeachment is not the defendant, prominent factors the court may consider include "whether the conviction (1) reflects on honesty and (2) is near in time." (*People v. Clair* (1992) 2 Cal. 4th 629, 654.) Where the prior conduct occurred "'long before and has been followed by a legally blameless life, [it] should generally be excluded on the ground of remoteness.'" (*People v. Beagle* (1972) 6 Cal.3d 441, 453 (*Beagle*), abrogated on other grounds by *People v. Diaz* (2015) 60 Cal.4th 1176.)

4

"We review a challenge to a trial court's choice to admit or exclude evidence under section 352 for abuse of discretion." (*People v. Branch* (2001) 91 Cal.App.4th 274, 282.) The court's discretion in this context is ""broad,"" and will be upheld unless the court exercised its discretion "'in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.'" (*People v. Celis* (2006) 141 Cal.App.4th 466, 476.)

We find nothing arbitrary, capricious, or absurd about the trial court's decision to exclude the proffered impeachment evidence. The witness's conduct does reflect on honesty; fraudulently obtaining store credit is self-evidently dishonest conduct. Nevertheless, the victim was convicted only of a misdemeanor charge of disturbing the peace, and a misdemeanor "is a less forceful indicator of immoral character or dishonesty than is a felony." (*Wheeler*, *supra*, 4 Cal.4th at p. 296.) Moreover, the conduct at issue occurred seven years before the trial, the victim paid restitution, and the victim's conviction was expunged. The trial court reasonably determined that the remoteness of the offense, and the victim's subsequent "'legally blameless life'" (*Beagle*, *supra*, 6 Cal.3d at p. 453) outweighed any probative value the evidence might have had on the issue of the victim's honesty.

In arguing for the contrary conclusion, defendant cites to a number of cases involving conduct equally remote in time, in which the court permitted the impeachment evidence to be presented to the jury. Defendant also emphasizes the importance of questions of honesty to the jury's determination of which account of the accident to believe. Defendant's arguments, however, at most show that the factors at issue could

reasonably have been given different weight by a different court, not that the trial court's ruling exceeded the bounds of reason. As such, the trial court's ruling fell within its broad discretion in applying section 352.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

MCKINSTER

J.

MILLER

J.