Opinion
 

 BENKE, J.
 

 Renita S. petitioned for a writ of mandate after she was taken into custody under an arrest warrant issued by the juvenile court. Renita claims her arrest and detention were illegal because as a nondetained minor, she should have been personally served with a notice to appear at the initial
 
 *555
 
 hearing as prescribed by Welfare and Institutions Code
 
 [1]
 
 section 660, subdivision (c). The People respond the arrest warrant was proper to bring Renita before the court as authorized under section 663. Although Renita was released from confinement, we review her challenge to the warrant because it poses an issue of broad public interest that is likely to recur, yet evade review. (See
 
 In re William M.
 
 (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].) Based on the express language of section 660, subdivision (c), we conclude an arrest warrant may not issue for a nondetained minor who fails to appear at the initial hearing after mail notice. Petition granted.
 

 Factual and Procedural Background
 

 On April 1, 1994, the district attorney’s office filed a petition in juvenile court requesting 14-year-old Renita be declared a ward under section 602
 
 [2]
 
 , alleging on January 6, 1994, Renita possessed controlled substances in violation of Health and Safety Code section 11377, subdivision (a), a felony. The petition stated Renita was not detained and lived with her father at 22 B Viejas Grade Road in Alpine. The petition also indicated the public defender had been appointed to represent Renita on that date and the arraignment and readiness hearing was set for April 19.
 

 Renita did not appear on April 19. Her counsel stated a letter to Renita reminding her of the hearing was returned by the post office as undeliverable and counsel had “no further contact.” The court stated, “I’ll take it off calendar with the D.A. to do an arrest warrant.”
 

 In support of the arrest warrant, Kathy Franet declared on April 28 she was a peace officer employed by the probation department. Franet stated, according to a deputy sheriff’s report, the vice-principal of the middle school searched Renita’s pocket on January 6 after seeing her with a “contraband walkman.” Renita also had a package of cigarettes in her pocket. Inside the package the vice-principal found a small baggie of powder which tested presumptively positive for amphetamine. Renita reportedly said she found the package of cigarettes and did not look inside it before putting it in her pocket.
 
 [3]
 
 The deputy sheriff released Renita to the principal. Franet requested an arrest warrant issue to bring Renita before the court.
 

 
 *556
 
 The court issued the warrant on April 29. Renita was arrested on May 12 and detained in juvenile hall until May 16.
 

 Renita was produced for a detention hearing
 
 [4]
 
 on May 16. Her father, Rudolph S., appeared accompanied by a youth counselor from the San Diego Indian Council.
 
 [5]
 
 The probation department reported, “Renita’s father claims that they did not know about the 4-19-94 hearing and the Probation
 
 [sic]
 
 seems to suggest that this is possible. The address on the petition is a former address and was never their mailing address.” The probation officer recommended Renita be placed on home supervision.
 

 Rudolph told the court the family had no notice of the April 19 hearing. Rudolph had received his mail at a post office box for 10 years because “kids walk by [and] either kick the mailboxes over or take the mail and throw it up.” The family moved from the Viejas Grade Road address but he had never received mail there. Rudolph said it was wrong for his daughter to be taken from her home while she was getting ready for school and he was at work without an adult “to say it was all right to take her” and without knowing “why she was being taken.”
 

 The court noted the notice letters came back marked “no mail receptacle” and commented, “I asked the People to look into it and see if they can find a better situation than having to go out and arrest 14-year-old girls in their homes in the morning and bring them in.” The court released Renita to her father on home supervision. This petition followed. We issued an order to show cause and heard argument.
 

 Discussion
 

 Section 660, subdivision (c) provides: “If the minor is not detained, the clerk of the juvenile court shall cause the notice and copy of the petition to be served on all persons required to receive such notice and copy of the petition, either personally or by first-class mail, at least 10 days prior to the time set for hearing. . . . Failure to respond to the notice shall in no way result in arrest or detention. In the instance of failure to appear after notice by first-class mail, the court shall direct that the notice and copy of the petition is to be personally served on all persons required to receive such notice and copy of the petition. . . ,”
 
 [6]
 
 Renita argues the statute unambiguously requires the court to order a minor be personally served with
 
 *557
 
 notice and copy of the petition if the minor fails to appear at the initial hearing after mailed notice. She points out personal service would have been practical as the officers had no difficulty finding her at home to arrest her.
 

 The People respond this petition should be denied because the manner in which Renita was brought before the court is irrelevant and did not impinge on her personal liberty. They contend the district attorney could have sought a warrant at the time the petition was filed, independent of the court’s direction, and at any rate Renita was properly arrested under section 663. The People add Renita “caused her own arrest ... by giving a false address,” sending a process server would have been a “wild goose chase” and Renita waived any objection to the warrant because her counsel remained silent when the court directed the district attorney to seek an arrest warrant.
 

 The People’s position on service and detention is simply fatuous. Four days in custody, if unjustified, is plainly a violation of a person’s liberty interest. Persons have the right to be secure against unreasonable seizure and warrants issued without probable cause. (U.S. Const., Amend. IV.) Counsel did not waive Renita’s rights when the court spontaneously directed a warrant be obtained.
 

 As originally enacted in 1961, section 660 (no subdivision) required personal service of notice and copy of the petition upon all persons required to receive it. (Stats. 1961, ch. 1616, § 2, p. 3479.) This section was repealed and reenacted in 1969 to require personal service of process only if the minor was detained and authorized service by certified mail if the minor was not detained. (Stats. 1969, ch. 664, § 1, p. 1329.)
 

 Service by first-class mail for nondetained minors was authorized by amendment in 1974.
 
 [7]
 
 (Stats. 1974, ch. 726, § 1, p. 1611-1612.) At that time the Legislature added the clause: “Failure to respond to the notice by certified mail with request for return receipt or by first-class mail shall in no way result in arrest or detention. In the instance of failure to appear after notice by certified or first-class mail, the court shall direct that the notice and
 
 *558
 
 copy of the petition is to be personally served on all persons required to receive such notice and copy of the petition.” Notes prepared for the Senate’s concurrence in the Assembly’s amendments to Senate Bill No. 445 reflect that the “no arrest or detention” clause was added at the request of the criminal justice committee to ensure the continuing practice of no penalty for failure to respond to mailed notice. (Notes for Concurrence (Aug. 1974) regarding Sen. Bill No. 445 (1973-1974 Reg. Sess.) [available at Cal. State Archives.] Service by certified mail was deleted from the statute in 1984. (Stats. 1984, ch. 481, § 6, p. 1956.)
 

 The above history of the statute shows a consistent concern by the Legislature for the minor to receive actual notice of the petition and hearing. The statute implicitly recognizes the fallibility of first class mail and specifically provides for personal service when first class mail service is ineffective.
 

 The People contend section 663 authorizes arrest by warrant if mail service does not result in the juvenile’s appearance. Section 663 provides: “Whenever a petition has been filed in the juvenile court alleging that a minor comes within the provisions of Section 601 or 602 of this code and praying for a hearing thereon, or whenever any subsequent petition has been filed praying for a hearing in the matter of said minor and it appears to the court that the conduct and behavior of the said minor may endanger the health, person, welfare, or property of himself or others, or that the circumstances of his home environment may endanger the health, person, welfare or property of said minor, a warrant of arrest may be issued immediately for the minor."
 
 [8]
 
 This section requires a judicial finding the minor is a danger to himself or herself or others, or is in danger because of his or her home environment, before the warrant can issue. It does not provide for summary arrest if the minor fails to appear after mail service.
 

 Here there is no showing Renita presented any danger or was in danger. She was 13 years old at the time of the alleged possession of a small amount of amphetamine.
 
 [9]
 
 Renita was contacted at school and immediately released to the school and her father. Three months passed before the district attorney’s office petitioned to declare her a ward. The probation department did not seek a warrant for 10 days after Renita failed to appear at the hearing and
 
 *559
 
 did not execute the warrant for an additional 2 weeks. Renita was arrested at home while preparing to go to school. The demonstrated lack of urgency belies the argument a warrant based on dangerousness was appropriate here.
 

 Moreover, there is nothing in this record to establish Renita, rather than school officials or others, provided the erroneous address. Even with a correct residence address, Renita would not have received the notice because the family uses only a post office box and has no mailbox. We conclude the court improperly issued the warrant rather than order personal service when Renita failed to appear.
 

 In a petition for rehearing, the People state no current statute provides the juvenile court with authority to directly compel a defiant minor to attend hearings. The People claim sections 661 and 662,
 
 [10]
 
 which authorize the court to issue a citation directing the parent to bring the minor to the hearing and to arrest the parent for the failure to do so, are insufficient for recalcitrant minors. The People ask us to alert the Legislature and suggest a remedy.
 

 The scope of the juvenile court’s authority to compel a minor’s attendance after proper notice is not an issue before us for determination. Discussion of this important matter would likely prejudice rights of others subject to juvenile court jurisdiction and we therefore decline to discuss an issue which is unnecessary to our disposition. (See
 
 Young
 
 v.
 
 Three for One Oil Royalties
 
 (1934) 1 Cal.2d 639, 647-648 [36 P.2d 1065]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 255, pp. 261-262.)
 

 Disposition
 

 Petition granted. Let a writ of mandate issue directing the superior court to vacate its order issuing the arrest warrant.
 

 Kremer, P. J., and Froehlich, J., concurred.
 

 A petition for a rehearing was denied November 18,1994, and the opinion was modified to read as printed above.
 

 [1]
 

 All statutory references are to the Welfare and Institutions Code unless otherwise specified.
 

 [2]
 

 Section 602 provides: “Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court.”
 

 [3]
 

 The People submitted the deputy sheriffs report in their response to the petition. The report contains a number of discrepancies with Franet’s declaration, including which school official searched Renita, whether Renita consented to the search and whether the powder was contained in foil or plastic.
 

 [4]
 

 The detention hearing was conducted by Judge William Pate.
 

 [5]
 

 Renita is a Native American.
 

 [6]
 

 Califomia Rules of Court, rule 1407(g) mirrors section 660, subdivision (c), for service of notice: “If the child is
 
 not detained,
 
 the notice and a copy of the petition shall be served on the persons designated in subdivision (e) personally or by first-class mail at least 10 calendar days before the hearing. If a person fails to appear after service by mail, the court shall order personal service.”
 

 All rule references are to the California Rules of Court.
 

 [7]
 

 The amendment was at the prompting of the county clerks who found certified mail service to be ineffective. In urging the Governor to sign the bill, its sponsor, Senator John A. Nejedly, stated the purposes of the legislation “are to provide better service to those receiving the mail by eliminating delays associated with certified mail; remove the need for parents or guardians to take time off work to call for the certified mail at the post office; and enable the clerks to exert greater control over the service of notices since undelivered notices will be returned immediately rather than remain in the Postal Service until the expiration of the 10-day retention period. County governments will also realize a cost savings as a result of the less expensive first class mail charge.” (Letter from Sen. John A. Nejedly to Gov. Reagan (Sept 5, 1974) regarding Sen. Bill No. 445 (1973-1974 Reg. Sess.) [available at Cal. State Archives].)
 

 [8]
 

 Similarly, rule 1408 provides: “(c) The court may order a protective custody warrant or a warrant of arrest for a child if the court finds that:
 

 “(1) The conduct and behavior of the child may endanger the health, person, welfare, or property of the child or others; or
 

 “(2) The home environment of the child may endanger the health, person, welfare, or property of the child.”
 

 [9]
 

 The deputy sheriff’s report stated, “[T]he bindle weighed approximately 0.3 grams, including the foil.”
 

 [10]
 

 Section 661 provides in relevant part: “In addition to the notice provided in Sections 658 and 659, the juvenile court may issue its citation directing any parent, guardian, or foster parent of the person concerning whom a petition has been filed to appear at the time and place set for any hearing . . . under the provisions of this chapter . . . and directing any person having custody or control of the minor concering whom the petition has been filed to bring the minor with him or her. . . . Personal service of the citation shall be made at least 24 hours before the time stated therein for the appearance.”
 

 Section 662 provides: “In case such citation cannot be served, or the person served fails to obey it, or in any case in which it appears to the court that the citation will probably be ineffective, a warrant of arrest may issue on the order of the court either against the parent, or guardian, or the person having the custody of the minor, or with whom the minor is.”