[No. B109358. Second Dist., Div. Four. July 22, 1997.]

RUBEN V., a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Michael P. Judge, Public Defender, Albert J. Menaster, Harvey Sherman and Jennifer Mayer, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Gil Garcetti, District Attorney, Brent Riggs, Fred Klink and Moira J. Curry, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**HASTINGS, J.**—This proceeding challenges the validity of an arrest warrant issued in connection with a "cite-in" pilot program developed by the Los Angeles County District Attorney's Office for use in nondetained-minor Welfare and Institutions Code section 602 proceedings. We conclude that the process utilized was ineffective to obtain jurisdiction over the minor and we grant a peremptory writ of mandate.

### THE FACTS

On October 20, 1996, Ruben V., petitioner, was detained for possession of narcotics for sale (Health & Saf. Code, § 11351) and driving a motor vehicle without a proper license. (Veh. Code, § 12500, subd. (a).) The police issued a citation on a traffic citation form titled "Notice to Appear," which the minor signed, promising to appear in Juvenile Court on December 12, 1996.

On December 12, 1996, a petition was filed against petitioner pursuant to Welfare and Institutions Code section 602.[1] It alleged two violations of Health and Safety Code section 11351: (1) possession of heroin for sale on November 20, 1996; and (2) possession of cocaine for sale on October 20, 1996.

Petitioner failed to appear on December 12, 1996. The court appointed a public defender to represent petitioner and held the matter over to December 13 for a warrant hearing. The minor did not appear on December 13, and the court issued an arrest warrant.

On December 17, 1996, counsel for petitioner filed a petition for rehearing, seeking to set aside the arrest warrant. The petition urged that the arrest warrant was illegally issued because the original citation did not conform with Welfare and Institutions Code notice requirements. The petition also challenged the pilot "cite-in" program pursuant to which the citation had been issued.

The petition was heard and denied on December 20, 1996. The trial court found that the pilot "cite-in" program was more successful than utilizing the "mail notice" required under section 660: More minors were appearing in response to the citations and they were appearing at an earlier stage. It concluded that the "cite-in" program was a valid attempt to speed up the system and rehabilitate juveniles. However, it requested that the program be reviewed by "the appellate courts as to the propriety and legality of [the 'cite-in'] program."

---

[1] All further references will be to the Welfare and Institutions Code unless otherwise noted.

Petitioner is currently subject to summary arrest based upon the arrest warrant.

Petitioner filed a petition for writ of habeas corpus with this court. We issued a temporary stay of the proceedings and requested preliminary opposition. After review of the preliminary opposition, we deemed the petition as one seeking mandamus, issued an alternative writ of mandate, and continued the stay order.

## DISCUSSION

■ Petitioner contends that the "cite-in" procedure is illegal because it does not incorporate the notice requirements of sections 656, 658, 659 and 660, which provide for notice of initiation of section 602 juvenile proceedings.

Section 602 provides: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court." Section 650, subdivision (c) provides: "Juvenile court proceedings to declare a minor a ward of the court pursuant to Section 602 are commenced by the filing of a petition by the prosecuting attorney."

Section 656 delineates the contents of the petition. As pertinent, the section states: "A petition to commence proceedings in the juvenile court to declare a minor a ward of the court shall be verified and shall contain all of the following: [¶] (a) The name of the court to which it is addressed. [¶] (b) The title of the proceeding. [¶] (c) The code section and subdivision under which the proceedings are instituted. [¶] (d) The name, age, and address, if any, of the minor upon whose behalf the petition is brought. [¶] (e) The names and residence addresses, if known to the petitioner, of both of the parents and any guardian of the minor. . . . [¶] (f) A concise statement of facts, separately stated, to support the conclusion that the minor . . . is a person within the definition of each of the sections and subdivisions under which the proceedings are being instituted. [¶] . . . [¶] (h) A notice to the father, mother, spouse, or other person liable for support of the minor child, that: (1) Section 903 may make that person . . . liable for the cost of the care, support, and maintenance of the minor child in any county institution or any other place in which the child is placed, detained, or committed . . . ; (2) Section 903.1 may make that person . . . liable for the cost to the county of legal services rendered to the minor by a private attorney or a

public defender . . . ; (3) Section 903.2 may make that person . . . liable for the cost to the county of the probation supervision of the minor child . . . ; and (4) the liabilities established by these sections are joint and several. [¶] . . . [¶] (k) A notice to the parent or guardian . . . that if the minor is ordered to . . . pay fines or penalty assessments, the parent or guardian may be liable for the payment of [the] fines, or penalty assessments."

Section 658 requires that upon the filing of the petition "the clerk of the juvenile court shall issue a notice, to which shall be attached a copy of the petition, and he shall cause the same to be served upon the minor, if the minor is eight or more years of age, and upon each of the persons described in subdivision (e) of Section 656 whose residence addresses are set forth in said petition. . . ."

Section 659 lists the required contents of the notice. "The notice shall contain all of the following: [¶] (a) The name and address of the person to whom the notice is directed. [¶] (b) The date, time, and place of the hearing on the petition. [¶] (c) The name of the minor upon whose behalf the petition has been brought. [¶] (d) Each section and subdivision under which the proceeding has been instituted. [¶] (e) A statement that the minor and his or her parent or guardian or adult relative . . . are entitled to have an attorney present at the hearing on the petition, and that, if the parent or guardian or the adult relative is indigent and cannot afford an attorney, and the minor or his or her parent or guardian or the adult relative desires to be represented by an attorney, the parent or guardian or adult relative shall promptly notify the clerk of the juvenile court, and that in the event counsel or legal assistance is furnished by the court, the parent or guardian or adult representative shall be liable to the county, to the extent of his, her, or their financial ability, for all or a portion of the cost thereof. [¶] (f) A statement that the parent or parents or responsible relative or guardian may be liable for the costs of support of the minor in a county institution. [¶] (g) A statement that the parent or guardian of the minor may be liable for the payment of . . . fines, or penalty assessments if the minor is ordered . . . to pay fines or penalty assessments."

Section 660, subdivision (c), provides for the manner of service of the notice and petition upon a nondetained juvenile and others to whom notice is required to be given: "If the minor is not detained, the clerk of the juvenile court shall cause the notice and copy of the petition to be served on all persons required to receive such notice and copy of the petition, either personally or by first-class mail, at least 10 days prior to the time set for hearing. . . . *Failure to respond to the notice shall in no way result in arrest*

*or detention.* In the instance of failure to appear after notice by first-class mail, the court shall direct that the notice and copy of the petition is to be personally served on all persons required to receive such notice and copy of the petition." (Italics added.)

From the foregoing it is clear that a juvenile proceeding for a nondetained minor *begins* with the filing of a petition. Then, a notice of hearing must be prepared to which the petition must be attached and both must be served, either personally or by first-class mail, on the minor and one or more of the adults responsible for the minor and named in the petition. The petition must include facts which advise those served with information about why the minor falls within the jurisdiction of the juvenile court and advise the responsible adults they may be responsible for specific costs incurred. The notice of hearing must also include advisements about counsel for indigent minors and responsible adults, and the potential for liability of the responsible adults.

Turning to the facts of this case, we note that on October 20, 1996, the El Monte Police Department issued citation No. 000525, which contains the following information: the date, time and day of issuance of the citation; the minor's name, address, and birthdate, and the fact that he is a juvenile; identification factors indicating petitioner's sex, color of hair, color of eyes, height, weight, and race; the name, address and identification factors of petitioner's brother, listed as petitioner's "Parent/guardian"; two code sections listed as violations, Health and Safety Code section 11351, "possession of narcotics for sale," and Vehicle Code section 12500, subdivision (a), "unlicensed driver"; the "Case No. CR 96-10472"; the date of issuance, and identification of the arresting and issuing officers; petitioner's signature promising to appear at the "Criminal Division, Juvenile Court, 400 Civic Center Plaza, Pomona, California, on 12th day of Dec. 1996"; and the signature of petitioner's brother as "Parent or guardian."

This citation does not conform to section 659 because the petition had not yet been prepared and the information required in subdivisions (c) and (d) is not included.[2] Nor are the advisements required by subdivisions (e), (f) and (g) contained in the citation. Further, citing *Renita S.* v. *Superior Court* (1994) 29 Cal.App.4th 553 [34 Cal.Rptr.2d 542], respondent acknowledges that even if the foregoing sections had been complied with, pursuant to section 660, subdivision (c), an arrest warrant could not have been issued for petitioner's failure to appear.

---

[2]While the citation does note violation of Health and Safety Code section 11351, the petition filed on December 12 contains two counts of violation of section 11351, one pertaining to October 20 and one for November 20. Obviously, the citation does not give notice that the hearing on December 12 would also relate to the November 20 violation.

At the hearing on the petition for rehearing, the trial court justified issuance of the warrant based upon sections 256.5 and 663: "Counsel, my review of [Penal Code section] 978.5 indicates that you're correct in that it makes no reference to juveniles. I have gone through the codes and perhaps have overlooked something. But it appears that judicial officers, judges as well as commissioners or referees, that is, judges, commissioners and referees do have the authority to issue a warrant for a minor's failure to honor a promise to appear, and that authority is found by implication in [section] 256.5 of the Welfare and Institutions Code. [¶] . . . [¶] As far as a warrant of arrest against the minor, if we have a parent or guardian who goes to the police station, is apprised that her son or daughter has violated the law and signs a promise to appear along with the child, the question comes to this: where the parent, guardian and child do not appear, can the court find, under [section] 663, that the circumstances of the home environment may endanger the welfare of the minor? [¶] Here you have a minor charged with a crime, either felony, misdemeanor or whatever. And you have a parent who has dishonored the promise to appear for an apparent reason of allowing the minor to escape responsibility. And is the welfare of that minor jeopardized to an extent that it is incumbent upon the court to issue the warrant to ensure that that minor is brought forth, and if necessary, receive the resources and rehabilitative efforts of the court?"[3]

Respondent recognizes that there is no statute which directly authorizes a "cite-in" procedure to obtain jurisdiction over a minor charged pursuant to section 602. Instead, respondent urges that sections 214, 626, 626.5 and 663, in combination with the inherent power of the court to control its own proceedings, Code of Civil Procedure section 128, grant an implied power to issue an arrest warrant for a juvenile who has failed to appear after signing a citation promising to appear.

We now review the various sections relied upon by respondent and the court, as well as other pertinent sections.

Section 214 states: "In each instance *in which a provision of this chapter*[4] *authorizes the execution by any person of a written promise to appear* or to have any other person appear before the probation officer or *before the juvenile court*, any willful failure of such promissor to perform as promised constitutes a misdemeanor and is punishable as such if at the time of the

---

[3]The court also discussed authority to issue a warrant against a parent who signs a notice to appear pursuant to sections 661 and 662, a situation with which we are not presented in this case.

[4]Chapter 2 of division 2 of the Welfare and Institutions Code, within which all other sections we discuss are contained except for Code of Civil Procedure section 128.

execution of such written promise the promissor is given a copy of such written promise upon which it is clearly written that failure to appear or to have any other person appear as promised is punishable as a misdemeanor." (Italics added.) Respondent argues that this demonstrates the intent of the Legislature to authorize use of a "cite-in" procedure. No doubt that it does, but it does so only where a provision of the chapter authorizes such a procedure.

Section 661 authorizes a "cite-in" procedure: "*In addition to the notice provided in Sections 658 and 659*, the juvenile court may issue its citation directing any *parent, guardian, or foster parent* of the person concerning whom a petition has been filed to appear at the time and place set for any hearing or financial evaluation under the provisions of this chapter, . . . and directing any person having custody or control of the minor concerning whom the petition has been filed to bring the minor with him or her. . . . Personal service of the citation shall be made at least 24 hours before the time stated therein for the appearance." (Italics added.) If a citation is issued pursuant to section 661, section 662 overcomes the prohibition against arrest contained within section 660, subdivision (c), and allows the court to issue an arrest warrant against "the parent, or guardian, or the person having the custody of the minor, or with whom the minor is." *It does not authorize issuance of an arrest warrant against the minor.*

Sections 626 and 626.5 authorize use of a "cite-in" procedure for a minor who has been detained pursuant to section 602, and then released. However, the citation directs the minor to appear before the probation officer of the county in which the minor was taken into custody, not the juvenile court. There is no comparable provision to section 662, *infra*, which allows an arrest warrant to be issued if the minor fails to appear before the probation officer.[5]

Section 256.5 states as follows: "A traffic hearing officer may request the juvenile court judge or referee to issue a warrant of arrest against a minor who is issued and signs a written notice to appear *for any violation listed in Section 256* and who fails to appear at the time and place designated in the notice. The juvenile court judge or referee may issue and have delivered for execution a warrant of arrest against a minor within 20 days after the minor's failure to appear as promised or within 20 days after the minor's failure to appear after a lawfully granted continuance of his or her promise to appear." (Italics added.) The authority granted by this section is expressly

---

[5]Section 629 also recognizes use of a promise to appear where the juvenile has first been delivered to the probation officer and then released. Again, there is also no comparable section to section 662 allowing use of an arrest warrant for failure to appear.

limited by its terms to violations cognizable in the juvenile traffic court as set forth in section 256. The petition filed in this instance charges two violations of Health and Safety Code section 11351, violations which do not fall within the purview of section 256.

Recognizing that no specific section within chapter 2 authorizes issuance of an arrest warrant for failure to appear based upon the "cite-in" procedure, respondent argues that such power emanates from Code of Civil Procedure section 128, subdivision (a)(5), which states: "(a) Every court shall have the power to do all of the following: [¶] . . . [¶] (5) To control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." First, because this section does not reside within chapter 2 of division 2 of the Welfare and Institutions Code, it does not qualify as an authorizing statute pursuant to section 214. Second, while we have no doubt that this section applies to the general powers which may be exercised by a juvenile court judge, respondent cites no authority, and we can find none, for the proposition that this section may be utilized to initiate the juvenile process and supplant the specific provisions of the Welfare and Institutions Code discussed above. Were we to agree with respondent's argument, such a construction would contradict the scheme contained in the Welfare and Institutions Code, a violation of statutory construction. (*People* v. *Wheeler* (1992) 4 Cal.4th 284, 293 [14 Cal.Rptr.2d 418, 841 P.2d 938]; *People* v. *Jenkins* (1980) 28 Cal.3d 494 [170 Cal.Rptr. 1, 620 P.2d 587].)

Respondent also relies upon *In re Juan G.* (1981) 120 Cal.App.3d 766 [174 Cal.Rptr. 795], for the proposition that a "cite-in" procedure is valid. In that case, the minor was detained and then released by the local police. He signed and received a citation to appear at the police department for further investigation, and he did appear for a further interview. Ultimately a petition was filed against the minor. The minor argued that the "cite-in" procedure was unlawful and tainted the remainder of the proceedings. The court of appeal disagreed and concluded there was nothing improper about the procedure. However, the court was not faced with the same issue we have before us—issuance of an arrest warrant based upon the citation notice.

We conclude there is no statutory authorization for issuance of an arrest warrant under the circumstances presented: failure to appear based upon petitioner's promise to appear contained within the citation. We now turn to section 663.

Section 663 states as follows: "Whenever a petition has been filed in the juvenile court alleging that a minor comes within the provisions of Section

601 or 602 of this code *and praying for a hearing thereon*, or whenever any subsequent petition has been filed praying for a hearing in the matter of said minor and it appears to the court that the conduct and behavior of the said minor may endanger the health, person, welfare, or property of himself or others, or that the circumstances of his home environment may endanger the health, person, welfare or property of said minor, a warrant of arrest may be issued immediately for the minor." (Italics added.)

The petition filed in this case has nothing within it which can be described as a prayer for a hearing. The notice described within section 658 would undoubtedly comply with this requirement. However, the citation issued in this instance does not. As previously noted, the citation does not contain the information required by section 658.

While we can empathize with the plight of the juvenile court regarding delays in processing nondetained minors, and we applaud attempts to cure the problem, the steps adopted must conform to the requirements of the Welfare and Institutions Code. Had the notice required by section 658 been prepared and served, in accordance with the provisions of that section, section 660, and California Rules of Court, rule 1407, section 663 would have justified issuance of the arrest warrant.

### DISPOSITION

Let a peremptory writ of mandate issue ordering the trial court to quash the arrest warrant issued for petitioner.

Vogel (C. S.), P. J., and Epstein, J., concurred.

A petition for a rehearing was denied July 29, 1997.