Filed 5/5/15  P. v. Sarinana CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO J. SARINANA,<br><br>    Defendant and Appellant. | B254012<br><br>(Los Angeles County<br>Super. Ct. No. BA403024) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie A. Swain, Judge.  Affirmed in part, reversed in part and remanded with directions.

Katharine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie A. Miyoshi and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found defendant Roberto Sarinana guilty of one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)) and one count of carrying a loaded, unregistered handgun (Pen. Code, § 25850, subd. (a)).  On appeal, defendant contends the trial court erred in denying his motion for *Pitchess* discovery.[1]  We agree and conditionally reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The sole issue on appeal is the trial court ruling denying *Pitchess* discovery. We provide only a brief summary of the facts.  In September 2012, two Los Angeles Police Officers were on patrol in an unmarked car.  The officers themselves were in uniform.  They noticed defendant jaywalking and impeding traffic.  The officers drove behind defendant to initiate a "pedestrian stop."  The passenger, Officer Richard Amador, told defendant to stop so that Amador could speak with him.  Defendant looked at the car, grabbed the right part of his waistband, and began to run.  The officers followed in the car, then Amador got out to pursue defendant on foot.  As defendant ran to the rear of an apartment complex, Amador saw him lift his shirt.  Amador slowed and saw defendant "with his arm extended and a dark colored handgun going over a chain link fence that had shrubbery."  The gun was "just about to go over the fence"; Amador lost sight of the gun but heard the sound of metal hitting metal.  Soon after, defendant stopped running and surrendered.  Amador arrested defendant and did not find any weapons on him.

When Amador's partner, Officer Leonardo Olea, arrived, Amador directed Olea to the location where defendant had thrown the weapon over a fence.  Amador and Olea returned to the location.  Olea found a black semiautomatic pistol in a dirt area of the apartment complex yard.

Tom Novak was visiting his in-laws in the apartment complex on the day and time of the incident. Novak twice heard a man yell "stop," and he heard someone running. Novak went to the door and heard a loud "metal-to-metal" sound.  He then saw a man run past the building, followed by a police officer.  When a police officer later walked down

---

[1]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

the driveway, Novak went outside to speak to him. The officer said an individual had thrown something in the area, possibly a weapon. As Novak looked around the yard, he saw a gun in between a car and the building. Novak also noticed there was a scratch on the back of his father-in-law's car, which was parked near the house. The scratch was fresh. It appeared to Novak that the scratch was consistent with the gun hitting the car.

A jury found defendant guilty of possession of firearm by a felon (Pen. Code, § 29800, subd. (a)(1)) and carrying a loaded handgun (Pen. Code, § 25850, subd. (a)). The jury found true an allegation that the firearm was not registered to defendant. In a bifurcated proceeding, the jury found true that defendant had suffered a prior strike and had served a prior prison term. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).) Defendant was sentenced to a total prison term of three years.

### Pitchess Motion

Prior to trial, defendant filed a *Pitchess* motion seeking review of the personnel records of Officer Amador. Defense counsel asserted that on the date of the incident, defendant was on his way to his mother's house. Defendant saw an unfamiliar car pull to a stop and heard a man yelling for him to stop. Defendant was in "known gang territory," and feared that a gang member was trying to "hit him up." Defendant ran away. Defendant did not realize he was being followed by a police officer until he had run around the apartment building, at which point he stopped. Defense counsel declared defendant was not in possession of a firearm at any point during the incident, and defendant specifically denied throwing anything over the fence and into the yard of the apartment building. The motion stated: "Consequently, the reporting officer fabricated factual allegations and the statement of a purported corroborating civilian witness. Therefore, discovery of *Pitchess* material is relevant and appropriate for the officer."

The People opposed the motion. The People argued the defense declaration in support of the motion was a mere denial that defendant was in possession of a firearm or that he threw anything over the fence. The People further noted defendant did not deny running away from the officers, nor did he deny that he grabbed his waistband and held it while running away. The People additionally argued defendant's version of facts—his

3

denial that he possessed or threw a gun—was contradicted by Novak's statement that he heard Amador identify himself as a police officer; Novak heard a hard object hit his car; he saw Amador chasing appellant; and Novak was present when Amador recovered the gun. The People also asserted the scope of requested materials was overly broad.

At a subsequent hearing, the court asked if defendant was arguing the police lied about the third party witness. Defense counsel responded: "Or that the third party witness perceived what was written in the report would be more accurate. He's not denying that this other person existed, but he's denying that within the circumstances of this purported chase that a third party witness could have perceived whatever would have been required to come to the conclusion that a gun was thrown over the fence."

The trial court denied the *Pitchess* motion. The court explained: "[N]oting that there's an independent third party witness who corroborates what is at issue here, claimed to have been officer misconduct, that is to say, allegedly planting of the gun, supporting the police officer's report that a gun was tossed over the fence, it hit the third party witness's car and was present when that gun was recovered, I find that the defendant has not met his burden and deny the *Pitchess* motion."

## DISCUSSION

### I.     A Conditional Reversal is Required

We agree the trial court abused its discretion in denying defendant's motion for *Pitchess* discovery.

#### A.  Legal Principles

A criminal defendant may " 'compel discovery' of certain relevant information in the personnel files of police officers by making 'general allegations which establish some cause for discovery' of that information and by showing how it would support a defense to the charge against him." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1018-1019 (*Warrick*); Evid. Code, §§ 1043-1045.) "To initiate discovery, the defendant must file a motion supported by affidavits showing 'good cause for the discovery,' first by demonstrating the materiality of the information to the pending litigation, and second by 'stating upon reasonable belief' that the police agency has the records or information at

4

issue. (§ 1043, subd. (b)(3).) This two-part showing of good cause is a 'relatively low threshold for discovery.' [Citation.]" (*Warrick,* at p. 1019.) "A trial court's ruling on a *Pitchess* motion is based on the trial court's sound discretion and is reviewable for abuse. [Citation.]" (*People v. Sanderson* (2010) 181 Cal.App.4th 1334, 1339.)

In *Warrick*, the California Supreme Court analyzed the good cause requirement. The court explained "the defendant must present . . . a specific factual scenario of officer misconduct that is plausible when read in light of the pertinent documents. [Citation.]" (*Warrick, supra,* 35 Cal.4th at p. 1025.) In some cases that factual scenario "may consist of a denial of the facts asserted in the police report." (*Id.* at pp. 1024-1025.) The defendant is not required to provide a motive for the alleged officer misconduct. (*Id.* at p. 1025.) Further, the defendant's factual scenario need not be credible or believable, instead it must simply be plausible: a scenario that might or could have occurred. (*Id.* at p. 1026.) "[A] scenario is plausible because it presents an assertion of specific police misconduct that is both internally consistent and supports the defense proposed to the charges. A defendant must also show how the information sought could lead to or be evidence potentially admissible at trial." (*Ibid.*)

## B. Defendant demonstrated good cause for an in camera review of Officer Amador's personnel records for false statements and evidence planting

Here, defendant met his burden to present a plausible factual scenario of officer misconduct. He asserted he was in the area of the incident because he was on his way to his mother's house; he did not see that the person in the car demanding he stop was a police officer; he feared a gang confrontation because he was in a known gang area; and, based on this incorrect assumption, he ran. Defendant denied possessing or throwing a weapon, and thus, Officer Amador's report fabricated factual allegations. This was a specific alternative factual scenario that was internally consistent and supported a defense to the charges. The declaration did more than simply deny the elements of the offense charged. Instead defendant provided a reason for his being in the area, an explanation for why he ran when confronted, and an assertion of police misconduct in fabricating the

5

report that defendant threw a weapon over the apartment complex fence. (*People v. Thompson* (2006) 141 Cal.App.4th 1312, 1317.)

Moreover, defendant's version of events, including the allegation that Amador planted evidence and fabricated the police report, was not significantly contradicted by Novak's statement to police. Novak did not claim to see who had thrown the object that made a metal-hitting-metal sound. According to the police report, Novak heard Amador yelling, "Police! Stop running!" Novak then heard a hard object hit his vehicle parked in the driveway and he saw Amador running through the property next door. Thus, Novak's account in the police report did not expressly contradict, or otherwise render implausible, defendant's claim that *he* did not throw the gun.

Further, the allegation that Amador fabricated allegations pertaining to Novak's statement was not implausible, in that the police report indicated Novak heard Amador yell, "Police! Stop running," whereas defendant claimed he did not know a *police officer* was chasing him until after he had run around the apartment building. Although defense counsel's statements at the hearing on the *Pitchess* motion were less than clear, the written defense declaration did not claim Amador had fabricated the existence of a witness statement. Instead, the motion asserted Amador fabricated "factual allegations and the statement of a purported corroborating civilian witness."

The People argue that had defendant not asserted Amador fabricated Novak's statement, defendant's allegations "could have suggested that Officer Amador was the one who threw something over the fence during the case in an effort to plant evidence."[2] But, the People contend, since defendant *did* assert Novak's statement was fabricated, defendant failed to provide a consistent or plausible scenario because "Novak himself testified to the same account as written in the police report," and "the allegation that Novak's statement was fabricated turned out to be false."

---

**2**    We note that while defendant's motion did not explicitly allege Amador threw the gun over the fence, the clear implication of defendant's motion and argument at the *Pitchess* hearing was that the gun was in fact planted, as borne out by the request for records related to planting and fabrication of evidence.

As an initial matter, the People cite no authority for the proposition that it is appropriate for us to consider the evidence adduced at trial when determining whether the trial court erred in denying the *Pitchess* motion based on the information available to it at that time, pre-trial. Even were we to do so, the People's argument is not persuasive. Not only did Novak's trial testimony fail to directly contradict defendant's version of events advanced in the *Pitchess* motion, the testimony was not entirely consistent with Novak's statement in the police report. Novak testified he heard a man yell "stop," not that he heard a man yell, "Police! Stop running!," as indicated in the police report. And, in neither the police report nor the trial testimony did Novak state he saw who threw the object that made the metal-on-metal sound.

The threshold for establishing good cause for *Pitchess* discovery is low. (*Warrick, supra,* 35 Cal.4th at p. 1019.) Defendant set forth a scenario in which the police could or might have planted the gun by throwing it over the fence themselves. We need not determine if this scenario is credible or persuasive to conclude defendant showed good cause to search for records of false statements or planting evidence. (*Id.* at pp. 1025-1026.)

## C. Remedy: Conditional Reversal

As explained in *People v. Gaines* (2009) 46 Cal.4th 172, 180, "the proper remedy when a trial court has erroneously rejected a showing of good cause for *Pitchess* discovery and has not reviewed the requested records in camera is not outright reversal, but a conditional reversal with directions to review the requested documents in chambers on remand." If the trial court determines the requested personnel records contain no relevant information, it is to reinstate the judgment. If the court determines discoverable information exists and should be disclosed, the court is to order disclosure of the information, allow defendant an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed. (*Id.* at p. 181.)

7

However, defendant's *Pitchess* request was overly broad. (*People v. Jackson* (1996) 13 Cal.4th 1164, 1220.) Defendant asked the trial court to review: "All complaints from any and all sources relating to acts of aggressive behavior, violence, excessive force, or attempted violence or excessive force, gender bias, ethnic bias, coercive conduct, violation of constitutional rights, fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, illegal search/seizure; false arrest, perjury, dishonesty, writing of false police reports, writing of false police reports to cover up the use of excessive force, planting of evidence, false or misleading internal reports including but not limited to false overtime or medical reports, and any another evidence of misconduct amounting to moral turpitude within the meaning of *People v. Wheeler* (1992) 4 Cal.4th 284 against [Officer Amador]."

The declaration accompanying defendant's *Pitchess* motion called into question Officer Amador's truthfulness and implicated issues relating to fabrication or planting of evidence. It did not demonstrate good cause for discovery of the many other requested categories, which were "completely untethered either to the factual scenario or to the proposed defenses outlined in defense counsel's declaration." (*Warrick, supra,* 35 Cal.4th at pp. 1022, 1027.)" "[O]nly documentation of past officer misconduct which is *similar* to the misconduct alleged by defendant in the pending litigation is relevant and therefore subject to discovery." (*California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1021, 1024.) Defendant is entitled to the trial court's in-chambers review of Amador's personnel records relating to fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, false arrest, perjury, dishonesty, writing of false police reports, and planting of evidence.

## DISPOSITION

The judgment is reversed and remanded in part. The trial court is directed to conduct an in camera inspection of the personnel records of Officer Amador for complaints of fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, false arrest, perjury, dishonesty, writing of false police reports, and planting of evidence. If the trial court's inspection on remand reveals no

8

relevant information, the trial court is directed to reinstate the judgment of conviction and sentence.  If the inspection reveals relevant information, the trial court must order disclosure, allow defendant an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed.  In all other respects, the judgment is affirmed.


            BIGELOW, P.J.

We concur:


    RUBIN, J.


    GRIMES, J.