Filed 10/29/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058222 |
| v. | (Super. Ct. No. 98WF0576) |
| DAVID MITCHELL ZORICH, | ORDER MODIFYING OPINION, AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |
| Defendant and Appellant. | |

It is ordered that our opinion filed on October 13, 2020, be modified as follows:

1. On page 2, first paragraph, third sentence, change "the prosecution submitted nothing" to "the record reflects the prosecution submitted nothing."

2. On page 4, last paragraph, first sentence, change "if the value of the vehicle is under $950" to "if the value of the vehicle does not exceed $950."

3. On page 5, first incomplete paragraph, second line, change "if the vehicle is worth less than $950" to "if the vehicle's value does not exceed $950."

4. On page 5, first full paragraph, replace the first sentence as follows: "Thus, the key question the court was required to decide in this matter was whether the value of the 1979 AMC Concord defendant stole and illegally drove in 1997 exceeded $950 at the time."

5. On page 5, first full paragraph, last sentence, change "the vehicle was worth less than $950" to "the vehicle's value did not exceed $950."

6. On page 5, second full paragraph, last sentence, change "the vehicle was worth less than $950" to "the vehicle's value exceeded $950."

7.  On page 6, last paragraph, last sentence, change "Further, the prosecutor submitted no evidence at all" to "Further, the record does not reflect the prosecutor submitted any evidence at all."

8.  On page 9, first full paragraph, second sentence, change "because the district attorney did not produce any," to "there is no indication in the record the district attorney produced any."

This modification does not change the judgment.  The petition for rehearing is DENIED.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.

2

Filed 10/13/20 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058222 |
| v. | (Super. Ct. No. 98WF0576) |
| DAVID MITCHELL ZORICH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant David Mitchell Zorich appeals from the trial court's order denying his petition for recall and resentencing under Penal Code section 1170.18.[1] His original convictions, as relevant here, were for grand theft of an automobile (§ 487, subd. (d)(1)) and unlawfully taking and driving a vehicle (Veh. Code, § 10851, subd. (a)). Defendant argues the trial court lacked substantial evidence to deny his petition because he submitted admissible evidence about the value of the vehicle in question and the prosecution submitted nothing other than an assertion that the vehicle was worth more than $1000. We agree with defendant that substantial evidence did not support the trial court's ruling, and accordingly, we reverse the order denying the petition and remand for further proceedings.

I

FACTS

In 1998, in case number 98WF0576, defendant pleaded guilty to grand theft of an automobile and unlawfully taking and driving that vehicle. (§ 487, subd. (d)(1), Veh. Code, § 10851, subd. (a); collectively the vehicle theft counts.) The factual basis for his plea states: "I aided and abetted in the unlawful taking of an automobile from another with the intent to permanently deprive. I did so as an active participant in the 'VMC' criminal street gang and for the benefit of that gang and with a fellow VMC gang member." The vehicle in question was a 1979 AMC Concord. In addition to the convictions related to the vehicle, defendant was also convicted of violating section 186.22, subdivision (a). He was sentenced to 16 months in state prison.

On June 5, 2019, defendant filed a petition to reduce the vehicle theft counts to misdemeanors pursuant to Proposition 47. He argued that both convictions were eligible for resentencing because the vehicle was worth no more than $525.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

Additionally, he argued the street terrorism count must also fall if the predicate vehicle theft convictions were reduced to misdemeanors. He further claimed that because the vehicle theft convictions were used as strikes to enhance his sentence in two later consolidated cases (12WF0101, 11WF0253),[2] the court should recall his sentences in those cases and resentence him.

The petition alleged the vehicle that defendant stole in 1997 was a 1979 AMC Concord four door sedan. The petition enclosed the police reports from the vehicle's theft and recovery, and pages from the Kelley Blue Book for that model of vehicle, which indicated a value of $500. The police reports included, among other things, a checkbox stating "appraised value/owner's valuation." The box indicating "301-2500" was checked. The recovery police report stated the odometer read "5352" at the time of recovery, and the petition contended the vehicle had 105,352 in mileage at the time it was recovered.[3]

The matter was set for hearing on June 14, 2019, but the district attorney was not present. The trial court found that the petition failed to provide the district attorney with the required 10 days' notice. Defendant's counsel refiled the motion and included some additional material from the Kelley Blue Book about the value for various factory equipment add-ons. This was relevant to the police report completed at the time of the vehicle's recovery (the recovery police report), which noted (via checkbox) that the car had a radio and tape deck, which the Kelley Blue Book valued at an additional $25.

---

[2] The pertinent offenses in those cases were apparently for violations of Health and Safety Code section 11377, subdivision (a) (possession of methamphetamine) and section 12022.1, subdivision (b) (commission of a felony while on bail).

[3] Defendant interpreted as the odometer "rolling over" of 5352 as an indication that the vehicle had previously reached 100,000 miles and returned to an odometer reading of zero. This is a more reasonable inference than the alternative – that a 17-year-old vehicle which the recovery police report described as "in over all fair condition" only had 5352 miles on it.

3

On July 2, the prosecution filed a two-page response to defendant's petition using a form. The prosecution stated defendant was not entitled to relief "because: Amount of loss is $1,000." The prosecution did *not* indicate it was opposed to the petition on the ground that defendant posed an unreasonable risk to public safety. No exhibits were attached to the response, nor did the prosecution object to defendant's evidence.

The petition was heard on July 11 with both parties present. Minutes from that date are in the record, and the minutes indicate no court reporter was present at the hearing. The minutes indicate the court denied the petition. Defendant now appeals.

II

DISCUSSION

*Background*

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhood and Schools Act, which became effective the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, sections 1170.18 and 490.2.

Section 490.2 states: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft . . . ." Section 1170.18 creates a process permitting persons previously convicted of crimes as felonies, which might be misdemeanors under the new definitions in Proposition 47, to petition for resentencing.

Defendant's grand theft conviction falls squarely under section 490.2 if the value of the vehicle is under $950. His conviction for unlawfully taking a vehicle,

4

pursuant to *People v. Page* (2017) 3 Cal.5th 1175, 1180, also falls within the scope of Proposition 47 if the vehicle is worth less than $950.

Thus, the key question the court was required to decide in this matter was whether the 1979 AMC Concord defendant stole and illegally drove in 1997 was worth less than $950 at the time. The burden of proof for establishing eligibility for relief under section 1170.18 is on the petitioner, who must demonstrate eligibility by a preponderance of the evidence. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*); *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) Given the trial court's denial of the petition, we conclude the court impliedly found that defendant did not demonstrate by a preponderance of the evidence that the vehicle was worth less than $950.

*Standard of Review*

We review a trial court's findings of fact for substantial evidence. (*People v. Trinh* (2014) 59 Cal.4th 216, 236.) Substantial evidence is "evidence which is reasonable, credible, and of solid value." (*People v. Cage* (2015) 62 Cal.4th 256, 275.) Put another way, "'"[s]ubstantial evidence" means that evidence which, when viewed in light of the entire record, is of solid probative value, maintains its credibility and inspires confidence that the ultimate fact it addresses has been justly determined.'" (*People v. Lehman* (2016) 247 Cal.App.4th 795, 804-805.) To uphold the trial court's implied finding that the petition failed to establish the vehicle was worth less than $950, substantial evidence in support of that conclusion must be present in the record.

*Forfeiture*

The Attorney General claims defendant "did not augment the record with the July 11, 2019 hearing in which the superior court denied his petition. Accordingly, his claim is forfeited." As the minutes of that date clearly establish, however, no court reporter was present. Defendant cannot be faulted for failing to augment the record with

5

a transcript that does not exist.  Further, when reviewing rulings on Proposition 47 petitions, we are concerned with the trial court's ruling, not its reasoning.  (*Perkins*, *supra*, 244 Cal.App.4th at p. 139.)  The lack of a transcript, therefore, is not critical.  We therefore find no forfeiture or waiver.

*Substantial Evidence*

Courts that have addressed this issue have acknowledged the fundamental difficulty a defendant faces when eligibility for Proposition 47 relief depends on establishing the value of property stolen decades ago.  "In any new petition, defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief."  (*Perkins*, *supra*, 244 Cal.App.4th at p. 140; see *People v. Johnson* (2016) 1 Cal.App.5th 953, 969.)  That evidence may include probative evidence not included in the original trial court record.  (*Perkins*, at p. 140, fn. 5.)  Further, the evidence available, even outside the court record, may be limited.  (*People v. Sherow*, *supra*, 239 Cal.App.4th at p. 880 ["A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken"].)  Evidence the court may consider can include "a statement of personally known facts necessary to eligibility."  (*People v. Page* (2017) 3 Cal.5th 1175, 1188.)  Taken together, the cases stand for the proposition that the evidence a defendant must present to meet the preponderance of the evidence standard may be cobbled together from whatever is available, based on the facts of the underlying case.

This case concerns a vehicle.  Defendant submitted evidence from the Kelley Blue Book establishing the vehicle, which was around 17 years old in 1997 with about 105,000 miles on the odometer, was worth about $525 at that time.  There is no indication in the record that the prosecutor objected to this evidence, and the Attorney General does not claim otherwise.  Further, the prosecutor submitted no evidence at all.

6

Pursuant to Evidence Code section 350, "No evidence is admissible except relevant evidence," and under Evidence Code section 351, unless a statutory exception applies, "all relevant evidence is admissible." "'Relevant evidence' means evidence . . . having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.)

Because the issue here is the value of the vehicle, defendant was required to submit relevant evidence regarding the value of a 1979 vehicle in 1997. Absent a cost-prohibitive expert opinion, the Kelly Blue Book pages are probably the most probative evidence a defendant could be reasonably expected to produce. Such a source is admissible over a hearsay objection (although there was no such objection in this case) "if the compilation is generally used and relied upon as accurate." (Evid. Code, § 1340.) Courts have recognized the Kelley Blue Book is "a widely accepted source" for the value of vehicles. (*Martinez v. Enterprise Rent-A-Car Co.* (2004) 119 Cal.App.4th 46, 56.) The fact that such documents were outside the record of conviction does not preclude their use in a Proposition 47 petition. (*Perkins*, *supra*, 244 Cal.App.4th at p. 140, fn.5.) Accordingly, we find the Kelley Blue Book valuation was relevant, admissible evidence.

As to the police reports, there are two documents, one which was completed at the time the theft was reported, and the second after recovery. Both documents are on the same standard California Highway Patrol form. Both are signed by officers and include their identification numbers. The recovery police report form includes more detail, including the odometer reading and a diagram showing damage, as well as an assessment of the vehicle's overall condition ("fair"). There is no indication in the record that the prosecutor questioned the authenticity of these documents, and the Attorney General does not do so now.

The police reports were relevant because they provided evidence of both the condition of the vehicle at the time of its recovery and an odometer reading (which we will discuss further below). Thus, the reports were admissible evidence. (Evid. Code,

§§ 210, 350, 351.) Police reports may or may not be hearsay, but there is no evidence the prosecutor objected below, and therefore any such objection is waived. (*People v. Wheeler* (1992) 4 Cal.4th 284, 300.) The Attorney General does not, in any event, offer this argument on appeal.

Further, the police reports are marked on the bottom right corner with numbers, which suggests they were either exhibits at trial or otherwise in the original trial court record, which would make them part of the record of conviction. Such documents are among the types of relevant evidence for the court to consider when reviewing Proposition 47 petitions. (*Perkins*, *supra*, 244 Cal.App.4th at p. 140.)

Thus, defendant's petition for relief under Proposition 47 offered two relevant, probative pieces of evidence – the Kelley Blue Book excerpts and the police reports. The prosecution offered no evidence of its own in its responsive papers, and there is no indication in the record the prosecutor objected to defendant's evidence or offered any evidence of its own at the hearing. Defendant's evidence, accordingly, stood uncontradicted before the trial court.

The Attorney General's two-paragraph argument on this point does not persuade us that what defendant offered the trial court was inadequate. The Attorney General first argues the "exhibits from the Kelley Bluebook did not establish the value of the car in the absence of more information about other additional features the car may have had that increased its value." But the police reports indicated no "additional features" other than a radio and tape deck, and defendant added the Kelley Blue Book value of $25 accordingly.

The Attorney General next claims "[defendant] argues that the petition stated that the car had a certain mileage at the time it was stolen, inferably decreasing its value. However, no exhibit was attached to the petition as proof of that mileage." As noted above, this is not accurate. The recovery police report indicated the odometer reading as 5352. Defendant has reasonably inferred the odometer turned over to zero

8

when the vehicle reached 100,000 miles, as was common for vehicles at the time. In this context, defendant's uncontradicted argument on this point, supported by the police report, constitutes probative evidence. (*Perkins*, *supra*, 244 Cal.App.4th at p. 140.)

We therefore cannot conclude the trial court's implied finding that the vehicle was worth more than $950 was supported by substantial evidence. This finding was not supported by any evidence, because the district attorney did not produce any, or argue in its response that defendant's argument was inadequate. The *only* evidence before the court indicated the vehicle's value at the time it was stolen was approximately $525. This should have been sufficient to establish the vehicle's value for purposes of resentencing under Proposition 47.

We do not hold today that simply anything will do as evidence of value. The trial court must have some relevant, admissible, probative evidence. (Evid. Code, §§ 210, 350, 351.) But as both a practical matter and a policy one, when it comes to determining the value of long ago stolen property under Proposition 47, we cannot allow the perfect to be the enemy of the good. The voters adopted this initiative, which not only included prospective changes to the law of grand theft, but the opportunity for resentencing on earlier offenses. As courts have come to realize, records from the original proceedings will rarely contain much, if any, evidence of monetary value of the stolen property. In most cases, it was simply not an issue at the time of the original trial or plea agreement.

The courts should not frustrate the voters' intent by making it impossible to reduce convictions under Proposition 47 by adopting an unobtainable standard of evidence; indeed, courts have already recognized that defendant need establish value under the preponderance standard. (*Perkins*, *supra*, 244 Cal.App.4th at pp. 136-137.) In some cases, the only available evidence will be sources such as the Kelley Blue Book and police reports from the original case, which, along with some reasonable inferences, can be taken together to reach a reasonable approximation of the value of the stolen property.

9

Particularly when uncontradicted, trial courts should find such evidence sufficient to meet the petitioner's burden. Otherwise, the relief promised by Proposition 47 for old theft offenses will be rendered entirely illusory. Prosecutors, of course, are certainly free to submit their own evidence, to object to the petitioner's evidence, and to truly contest the issue before the trial court. But a baldfaced assertion as to value, based on unknown sources of reasoning, should not be enough to rebut a reasonable showing by the petitioner.

The only other argument the Attorney General offers is barely worth the sole paragraph it occupies in the respondent's brief. The attorney general states it was "possible" that the trial court denied the petition because it concluded defendant would pose an unreasonable risk to public safety. But what the Attorney General omits is that the prosecution did not oppose defendant's petition on this ground, but only on the ground that the vehicle's value exceeded $1000. We will not assume, without evidence, that the trial court based its decision on a ground the prosecutor did not ask it to decide.

III

DISPOSITION

The order denying the petition is reversed. The case is remanded for further proceedings consistent with this opinion.

MOORE, ACTING P. J.

WE CONCUR:

FYBEL, J.

IKOLA, J.

10