Filed 3/1/21  P. v. Edrington CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EDRINGTON,<br><br>    Defendant and Appellant. | E073798<br><br>(Super. Ct. No. INF1601333)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Samah Shouka, Judge.

Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

I.

BACKGROUND

Defendant and appellant, Michael Lee Edrington, molested his stepdaughter, S.F., for several years. A jury convicted him of one count of continuous sexual abuse of a child under 14 years old (Pen. Code, § 288.5; count 1)[1] and one count of committing a lewd and lascivious act upon a child of 14 or 15 years of age (§ 288, subd. (c)(1); count 8). The trial court sentenced defendant to 12 years, eight months in prison.

Before trial, defendant filed a motion in limine to introduce evidence that K.D., his wife and S.F.'s mother, fraudulently applied for unemployment benefits. Defendant moved to include evidence of K.D.'s applications and the rulings by an Employment Development Department Administrative Law Judge (ALJ) finding the applications to be fraudulent. Defendant argued the evidence supported his defense that K.D. and S.F. conspired to accuse him of abusing S.F. so that K.D. could divorce him without having to pay him alimony.

The trial court denied defendant's motion in limine. The court reasoned that the merits of the ALJ's rulings constituted inadmissible hearsay and the evidence about K.D.'s applications would have taken up too much time and confused the issues for the jury. The trial court therefore precluded defendant from asking K.D. anything about her unemployment applications or introducing any evidence about them.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

On appeal, defendant argues the trial court erred in doing so. We find no abuse of discretion and affirm.

## II.

## DISCUSSION

"Under Evidence Code section 352, the probative value of the proffered evidence must not be substantially outweighed by the probability that its admission would create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (*People v. Cole* (2004) 33 Cal.4th 1158, 1195.) Because the decision to admit or exclude evidence under Evidence Code section 352 is committed to the trial court's discretion, we will not disturb a trial court's exercise of that discretion ""'"except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice."'" (*Uspenskaya v. Meline* (2015) 241 Cal.App.4th 996, 1000-1001.)

We conclude the trial court did not abuse its discretion in excluding all evidence about K.D.'s unemployment applications and prohibiting defendant from asking K.D. about them.

Hearsay is defined as "evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a).) Defendant does not dispute that the trial court properly found that the substance of K.D.'s applications and the ALJ's rulings were

3

hearsay. Nor does defendant offer any applicable exception to the hearsay rule.[2] In fact, he does not mention the issue in his appellate briefs.

Instead, defendant argues the trial court erroneously failed to take judicial notice of the ALJ's rulings. But, as defendant correctly notes, the trial court could have taken judicial notice of only the existence of the ALJ's rulings, not its findings of fact. (See *People v. Moore* (1997) 59 Cal.App.4th 168, 178 ["[W]hile a court can take judicial notice that a court made a particular ruling, it cannot take judicial notice of the truth of a factual finding made in another action."].) Thus, the trial court here could have taken judicial notice that the ALJ denied K.D.'s unemployment applications, but not the ALJ's findings underlying its rulings. (See *ibid*.)

Because K.D.'s unemployment applications and the substance of ALJ's rulings were inadmissible hearsay, the trial court did not abuse its discretion in excluding them.[3]

The trial court likewise did not abuse its discretion by prohibiting defendant from questioning K.D. about her unemployment applications.

---

[2] The People argue that the ALJ's findings and rulings were inadmissible under Unemployment Insurance Code section 1960. That provision provides in relevant part: "[a]ny finding of fact or law, judgment, conclusion, or final order made by a[n] . . . administrative law judge . . . shall not be used as evidence in any separate or subsequent action or proceeding, *between an individual and his or her present or prior employer . . .*" (Italics added.) The People omit the italicized language and thus misleadingly argue the ALJ's findings and rulings were inadmissible "in any subsequent action," such as defendant's criminal proceeding.

[3] For the reasons explained below, we also conclude the trial court reasonably excluded all evidence about K.D.'s unemployment applications, including the ALJ's rulings, on the ground that introducing that evidence would have caused an undue consumption of time.

"Any '[m]isconduct involving moral turpitude may suggest a willingness to lie'" and therefore may be admitted for impeachment purposes. (*People v. Anderson* (2018) 5 Cal.5th 372, 408.) "'"[T]he admissibility of any past misconduct for impeachment is limited at the outset by the relevance requirement of moral turpitude."'" (*People v. Edwards* (2013) 57 Cal.4th 658, 722.) "Immoral conduct is admissible for impeachment even though the witness was not convicted, or even if the conduct did not constitute a criminal offense. [Citation.] Admission of such prior misconduct evidence remains subject to the trial court's discretion under Evidence Code section 352, which 'empowers courts to prevent criminal trials from degenerating into nitpicking wars of attrition over collateral credibility issues.' [Citation.]" (*People v. Rivera* (2003) 107 Cal.App.4th 1374, 1380.) "[I]impeachment evidence other than felony convictions entails problems of proof, unfair surprise, and moral turpitude evaluation which felony convictions do not present. Hence, courts may and should consider with particular care whether the admission of such evidence might involve undue time, confusion, or prejudice which outweighs its probative value." (*People v. Wheeler* (1992) 4 Cal.4th 284, 296-297, superseded by statute on other grounds as stated in *People v. Duran* (2002) 97 Cal.App.4th 1448, 1459.) We review the trial court's rulings on impeachment evidence for an abuse of discretion. (*People v. Edwards*, *supra*, at p. 722.)

The trial court did not abuse its discretion by prohibiting defendant from questioning K.D. about her unemployment applications or introducing any related evidence because it would consume undue time. The trial court reasonably assumed that

K.D. would testify that she disputed and had appealed the ALJ's rulings, which could have led to "having a trial just as lengthy" as defendant's trial in order to explore the "collateral credibility issue" of whether K.D. fraudulently applied for unemployment benefits. The trial court thus reasonably excluded all evidence and testimony about K.D.'s unemployment applications. (See *People v. Jennings* (1991) 53 Cal.3d 334, 371 [trial court did not abuse its discretion in excluding evidence about four witnesses' alleged welfare fraud because it would have resulted in the "undue consumption of time" on a "collateral matter"].) Because the trial court's ruling did not "exceed[] the bounds of reason," the court did not abuse its discretion. (*People v. Mullens* (2004) 119 Cal.App.4th 648, 658.)

Defendant also contends the trial court's evidentiary rulings violated his unspecified federal constitutional rights. We disagree.

Defendant relies on one Ninth Circuit case to support his argument that the erroneous exclusion of evidence about K.D.'s unemployment applications violated his federal constitutional rights. (See *Thomas v. Hubbard* (9th Cir. 2001) 273 F.3d 1164 (*Thomas*), overruled on other grounds by *Payton v. Woodford* (9th Cir. 2002) 299 F.3d 815, 829 fn. 11, vacated by *Woodford v. Payton* (2003) 538 U.S. 975.) In *Thomas*, the sole alleged eyewitness, Schwab, accused the defendant of murder. (*Id.* at p. 1168.) During the defendant's cross-examination of the lead detective, the trial court precluded defense counsel from eliciting testimony about the detective's difficult in locating Schwab for two months after the murder. (*Ibid.*) The defendant argued on appeal that

this violated his federal constitutional rights because evidence of Schwab's evading the police for two months undermined his credibility. (*Ibid.*)

The *Thomas* court noted that the Ninth Circuit had "recognized that 'where a defendant's guilt hinges largely on the testimony of a prosecution's witness, the erroneous exclusion of evidence critical to assessing the credibility of that witness violates the Constitution.'" (*Thomas*, *supra*, 273 F.3d at p. 1178.) The *Thomas* court held the trial court erroneously prevented the defendant from cross-examining the detective about Schwab's evasion because he was the sole eyewitness and the prosecution's case turned "almost exclusively" on his testimony. (*Ibid.*) The defendant therefore had a right to present evidence undermining Schwab's testimony. (*Ibid.*)

*Thomas* does not support defendant's argument that the trial court's excluding evidence of K.D.'s unemployment applications violated his constitutional rights. Unlike Schwab in *Thomas*, K.D. was not the sole eyewitness to the crime and did not testify for the prosecution, so the prosecution's case did not rest "almost exclusively" on her testimony. (*Thomas*, *supra*, 273 F.3d at p. 1178.) If anything, defendant's guilt "hinge[d] largely" on S.F.'s testimony, not K.D.'s, because S.F. was the victim and she testified for the prosecution. (*Ibid.*) *Thomas* therefore does not support defendant's argument that the exclusion of evidence about K.D.'s unemployment applications violated his federal constitutional rights. In any event, "[w]e are not bound by federal appellate cases." (*In re Luis F.* (2009) 177 Cal.App.4th 176, 185 fn. 7.)

7

Further, "the routine application of provisions of the state Evidence Code law does not implicate a defendant's constitutional rights." (*People v. Jones* (2013) 57 Cal.4th 899, 957.) "Application of the ordinary rules of evidence generally does not impermissibly infringe on a . . . defendant's constitutional rights. [Citations.] [Defendant] fails to persuade us this case constitutes an exception to that general rule." (*People v. Kraft* (2000) 23 Cal.4th 978, 1035.) As explained, the trial court properly excluded the evidence about K.D.'s unemployment applications under the applicable Evidence Code provisions. "Because the trial court's ruling was not an abuse of discretion . . . defendant's constitutional claim also fails." (*People v. Miranda* (2011) 199 Cal.App.4th 1403, 1426.)

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

SLOUGH

J.

8