Filed 11/15/22  P. v. Thorsson CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LOUIS RICHARD THORSSON,<br><br>     Defendant and Appellant. | A164924<br><br>(Solano County<br>Super. Ct. No. VCR238953) |

### MEMORANDUM OPINION[1]

Defendant Louis Richard Thorsson was found guilty after a jury trial of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), with aggravating circumstance found true by the court, and was sentenced to prison for the midterm of two years. Before trial the court granted defendant's *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531) to review the personnel files of the two police officers involved in defendant's arrest and in locating the weapon defendant allegedly discarded nearby, and to produce relevant documents located in the files. The motion requested all personnel documents relating to the two officers, including "All complaints and internal affairs inquiries from any and all sources (including but not

---

[1]     California Standards of Judicial Administration, section 8.1 provides: "The Courts of Appeal should dispose of causes that raise no substantial issues of law or fact by memorandum or other abbreviated form of opinion."

limited to co-worker or inmate complaints, citizen complaints, internal affairs complaints/investigations and criminal investigations) relating [to] false arrest, perjury, dishonesty, writing of false police reports, false or misleading internal reports including but not limited to false overtime or medical reports, reports related to lack of competence/sloppiness/failure to follow department procedures, all records related to the use of excessive force and/or threatening and aggressive behavior/tactics, and any other evidence of misconduct amounting to moral turpitude within the meaning of *People v. Wheeler* (1992) 4 Cal.4th 284," and "Any other material which is exculpatory or impeaching within the meaning of *Brady v. Maryland* (1963) 373 U.S. 83."

The sergeant in charge of the police department's internal affairs, placed under oath, produced the personnel files of both officers, and in camera the court reviewed both files, consisting of "personnel payroll, attendance, evaluations, accommodations, discipline, education certificates and miscellaneous." As to one officer, the court found "nothing to disclose, . . . not[ing] in particular [in] the evaluations section, there currently is no evaluations in there. And in terms of discipline, again, that section again is empty as well as the evaluations. There is nothing there." As to the second officer, the court found one irrelevant citizen complaint[2] and otherwise "nothing to disclose out of the personnel file . . . not[ing] in particular [in the]evaluations section, that section is empty. There's nothing to disclose. As well as the discipline sections, also empty. And there is nothing contained in there. So I'll find that there is nothing to disclose out of the [officer's] file."

Defendant's appeal asserts no errors but simply requests this court "to conduct an independent examination of the sealed proceedings and materials,

---

[2]     A citizen complained that the officer had lacked compassion in failing to advise a relative reporting a sexual assault to take the victim to a doctor.

reviewing both the merits of the trial court's determination and the adequacy of the record." The Attorney General has expressed no objection. After reviewing the two personnel files, the trial court did not "consistent with customary procedure" make the sealed records part of the record on appeal so that this court might independently examine the materials and confirm that the court did not abuse its discretion in refusing to disclose any of the contents of the files. (See *People v. Hughes* (2002) 27 Cal.4th 287, 330; *People v. Samayoa* (1997) 15 Cal.4th 795, 827.) Nor did the court have the documents copied and the copies placed in a sealed envelope, or prepare a list of the documents considered. Nonetheless, the trial court did "simply state for the record what documents it examined," which may be sufficient to permit meaningful appellate review. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) Having reviewed the sealed transcript of the in camera proceedings in which the trial court examined the complete personnel files and stated explicitly what the files did and did not contain, we are satisfied the court properly reviewed the materials and did not abuse its discretion in failing to direct disclosure of any of their contents. There being no documents even touching upon the officers' truthfulness, candor or any questionable conduct or practices, there simply was nothing to produce.

The judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J

3